## Laura M. Curtis *v.* Samuel G. De Coursey, Receiver of the W. N. Y. & P. R. R., Appellant.

*Negligence—Railroads—Railroad yard.*

In an action to recover damages for the death of plaintiff's husband, it appeared that the deceased was a teamster and that he was killed while driving a wagon in the yard of defendant, a railroad company. The yard was inclosed on two sides by board fences, was bounded on the third by the railroad track and on the fourth by a public street. The plank footwalk at the side of the street was two feet higher than the surface of the yard, except at one end, where, in order to make a passage way for wagons, the walk had for a short distance been lowered to the grade of the yard. This was the only way provided by which freight could be hauled to and from the cars. The deceased at the time of the accident was engaged in removing machinery from cars standing in the yard. The accident was caused by a defect at the inner edge of the walk at the point where it was lowered to the grade of the yard, and was wholly on the defendant's ground. The court charged that no high degree of care was necessary in the maintenance of the defendant's freight yard and the approach thereto; that the duty in that regard was to be determined by the use to which it was put and the nature of the business conducted there, and that the defendant was not liable unless the condition was so dangerous that an accident such as that which caused the death of the plaintiff's husband would by the exercise of ordinary care and prudence have been foreseen and guarded against. *Held,* that the charge was proper, and that a verdict and judgment for the plaintiff should be sustained.

Argued April 27, 1896.   Appeal, No. 74, July T., 1895, by defendant, from judgment of C. P. Crawford Co., May T., 1894, No. 125, on verdict for plaintiff.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.

At the trial it appeared that on September 27, 1893, plaintiff's husband was killed at Hydetown while driving a wagon loaded with machinery from a car in the defendant company's yard. The description of the yard is contained in the opinion of the Supreme Court.

The plaintiff's point and answer were among others as follows :

1. It was the duty of the defendant to provide a reasonably safe passageway to the place of its delivering freight for the use of the patrons of the road, and a breach of this duty is negligence on the part of the defendant.   *Answer :* This point is affirmed.   You have already been instructed that the duty resting upon the defendant is to provide a reasonably safe way of approach to freight cars in the freight yard, where it is customary for the defendant to deliver freight to those who had freight consigned to them at this station; and for the use of those who were bringing freight there to be transported.   This, as you have already been instructed is a road to be reasonably safe in view of the kind of business to be carried on over it. The defendant was not bound to build such a road as would be required in a city or place that is usually traveled by all sorts of vehicles by day and by night. [1]

Defendant's points and answers were among others as follows :

2. There is no evidence that the defendant built or maintained the sidewalk on Diamond street where plaintiff's husband lost his life, or came under any obligation to the public or to the plaintiff's husband to keep and maintain the same in any other condition than it was kept and maintained; and lacking this evidence, plaintiff cannot recover, and the verdict must be for the defendant.   *Answer :* This point is refused.   One controversy in this case relates to the condition of the wagon way, and that might be in bad condition by reason of the presence of the sidewalk at the particular place, or by reason of the fact that the track on the side of the sidewalk next to the freight

car was not maintained as would be required if ordinary care had been exercised.

3. There is no evidence that the defendant receiver ever undertook or was placed under any obligation to keep or maintain the exit from the sidewalk on to his ground, or from his ground on to the sidewalk in any other condition than it was so maintained, and the defendant is not guilty of negligence so as to render him liable in damages in this case. *Answer :* This point is refused. We have submitted to you in the general charge, for your determination, the question whether the defendant was guilty of negligence under the circumstances. [3]

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* among others were (1–3) above instructions, quoting them.

*Pearson Church,* for appellant.—A person going on the premises of another for his own purposes, cannot recover for injuries received, due to the unsafe condition of a staircase on account of the absence of a guard rail : Elliott v. Careson, 54 Ill. App., 470 ; Blatt v. McBarron, 161 Mass. 21 ; Stevens v. Nichols, 29 N. E. 1150. If the undisputed evidence discloses no negligence on the part of the defendant, it is error to submit the question to the jury : Reading & C. R. R. v. Ritchie, 102 Pa. 425.

The question of contributory negligence on the part of the deceased ought to have been decided as a matter of law. The facts were wholly undisputed, and should not have been submitted to the jury : Catawissa R. R. v. Armstrong, 52 Pa. 282; Pittsburg & Connellsville R. R. v. McClurg, 56 Pa. 294. A person who knows of a defect in a highway, and voluntarily undertakes to test it, when it could be avoided, cannot recover against municipal authorities for losses incurred through such defect : Wharton on Neg. sec. 440 ; Forks Twp. v. King, 84 Pa. 233; Pgh. & South Ry. v. Taylor, 104 Pa. 306 ; Twp. of Crescent v. Anderson, 114 Pa. 643 ; Oil City Bridge Co. v. Jackson, 114 Pa. 321. One cannot recover damages for an injury which, by the exercise of reasonable care he might have avoided : Del. L. & W. Co. v. Cadow, 120 Pa. 559 ; Beatty v. Gilmore, 16 Pa. 463 ; McKee v. Bidwell, 74 Pa. 218 : Erie City

v. Magill, 101 Pa. 616 ; St. Pass. Ry. v. Bresmer, 97 Pa. 103;
Haven v. P. & A. Bridge Co., 151 Pa. 620 ; Barnes v. Sowden,
119 Pa. 53 ; Lynch v. Erie City, 151 Pa. 380; Robb v. Con-
nellsville Borough, 137 Pa. 42.

*Eugene Mackey*, with him *Julius Byles*, for appellee.—When
one, expressly or by implication, invites others to come upon
his premises, whether for business or any other purposes, it is
his duty to be reasonably sure that he is not inviting them into
danger, and to that end he must exercise ordinary care and pru-
dence to render the premises reasonably safe for the visit:
Cooley on Torts, 718 ; Ray on Imposed Duties, 18 ; Shearman
& Redfield on Negligence, sec. 704; Bennett v. R. R., 102
U. S. 580 ; 1 Thompson on Negligence, 313 ; Indermaur v.
Dames, L. R. 1 C. P. 274 ; Tobin v. R. R., 59 Me. 187 ; Camp-
bell on Negligence, 29 ; Holmes v. R. R. Co., L. R. 4 Exch.
254; Nicholson v. R. R., 34 L. J. Ex. 84.

We contend plaintiff's case was clear of contributory negli-
gence, that the defense contained scarcely a scintilla of evidence
showing contributory negligence and this was conclusively con-
troverted by plaintiff's rebuttal.   Even if this bare scintilla arose
to the magnitude of a reasonable doubt, yet it was the province
of the jury to pass upon it, as well as all inferences from the
facts and all questions of reasonable care under the circum-
stances : Howett v. R. R., 166 Pa. 607 ; Ely v. Ry., 158 Pa.
233 ; Kohler v. R. R., 135 Pa. 346 ; Fisher v. Ry., 131 Pa. 292;
R. R. Co. v. Peters, 116 Pa. 206 ; Neslie v. Ry., 113 Pa. 300 ;
Fritsch v. Allegheny, 91 Pa. 226.

OPINION BY MR. JUSTICE FELL, July 15, 1896:
The controlling question in this case relates to the duty of
the railroad company to keep in reasonably safe condition a
passage way for wagons which led from the public highway to
its freight yard.   The yard was inclosed on two sides by board
fences, was bounded on the third by the railroad track and on
the fourth by a public street.   The plank footwalk at the side
of the street was two feet higher than the surface of the yard,
except at one end, where, in order to make a passage way for
wagons, the walk had for a short distance been lowered to the
grade of the yard.   This was the way provided, and the only

way, by which freight could be hauled to and from the cars. The defect complained of was at the inner edge of the walk, and wholly on the defendant's ground.

Persons delivering or receiving freight did not enter and use the yard by the mere permission or passive acquiescence of the company; they were not strangers or mere licensees as to whom no duty in regard to the safety of the premises, except as to unexpected or secret dangers, arose. They were there by invitation in its technical sense, and by right. Their use of the yard was for the mutual interest of both parties in carrying on their business arrangements, and there was an implied undertaking by the company that it should be reasonably safe. The duty of the company did not differ in kind from that which it owed to passengers in the care of its platforms and stations. "Invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the party using it." Campbell on Negligence, sec. 44; Bennett v. R. R. Co., 102 U. S. 580.

In the charge, to which no exception was taken, the instruction was carefully given by the learned judge that no high degree of care was necessary in the maintenance of the defendant's freight yard and the approach thereto; that the duty in that regard was to be determined by the use to which it was put and the nature of the business conducted there, and that the defendant was not liable unless the condition was so dangerous that an accident such as that which caused the death of the plaintiff's husband would by the exercise of ordinary care and prudence have been foreseen and guarded against. What was said in the charge clearly defined the duties of the defendant and fully covered the question of contributory negligence.

The judgment is affirmed.