# Mikalofsky, Appellant, *v.* Central Railroad of New Jersey.

*Negligence—Railroads—Injury to horse—Nonsuit.*

In an action against a railroad company to recover damages for injuries to a horse, where the plaintiff's statement of claim avers that the horse was injured while traveling on a private way provided by the defendant for its customers, a nonsuit is properly entered, where the evidence fails to show that the place where the accident occurred was on the premises of the defendant, or on premises over which it had control, or on a way provided by it for its customers, and indeed showed the contrary.

Argued Dec. 5, 1912.   Appeal, No. 207, Oct. T., 1912, by plaintiff, from order of C. P. Schuylkill Co., May T., 1911, No. 295, refusing to take off nonsuit in case of Annie Mikalofsky v. Central Railroad of New Jersey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Trespass to recover damages for injuries to a horse. Before KOCH, J.

The opinion of the Superior Court states the case.

*Error assigned* was refusal to take off nonsuit.

*J. O. Ulrich,* for appellant.

*Daniel W. Kaercher,* with him *E. D. Smith* and *Samuel H. Kaercher,* for appellee.

PER CURIAM, February 27, 1913:

It was alleged in the plaintiff's statement of claim that "the way over which the plaintiff was obliged to drive to get away from the car of the defendant was over a private way provided by the defendant for its customers, and in driving her horse over said railway track of the Eastern

Pennsylvania Railways Company at the point thus provided for the consignees of freight delivered by the defendant, the said horse injured his foot in such manner that he was not curable." The statement then alleged that it was the duty of the defendant to provide a reasonably safe passageway to and from the place where it delivered freight to its patrons, "and the said defendant, failing to provide such reasonably safe passageway was guilty of negligence." It is thus seen that the plaintiff based her right to recover upon the ground that her horse was injured while traveling on a way provided by the defendant for its customers, that it was the duty of the defendant to put and keep this way in a reasonably safe condition, that its failure to perform this duty was negligence, and that this negligence was the proximate cause of the injury. We make no criticism of the statement. It would seem to present the only ground upon which the action could be maintained. It is to be noted, however, that there is no satisfactory evidence that the spike on which the shoe of the horse caught was a negligent or unusual contrivance for fastening the rail of the street railway company to the sills, or that it was negligently driven. But passing that feature of the case without further comment, and assuming, for the sake of the argument, that, if the defendant was responsible for the condition of the street railway track at that point, the question of negligence would have been for the jury, the insuperable obstacle in the way of the plaintiff's recovery is that the evidence fails to sustain the material allegations of the statement to which we have alluded. In other words, it fails to show that the place where the accident occurred was on the premises of the defendant, or on premises over which it had control, or on a way provided by it for its customers; indeed, it shows the contrary. The case is distinguishable in its controlling facts from Curtis v. DeCoursey, 176 Pa. 446, and Boggess v. B. & O. R. R. Co., 234 Pa. 379, upon which the plaintiff's counsel relies, and was correctly decided upon the grounds set forth in the

clear and satisfactory opinion of the learned trial judge overruling the motion to take off compulsory nonsuit. Nothing further need be added by us to what he has said.

The judgment is affirmed.