# Hagan, Appellant, v. Delaware River Steel Company.

*Negligence—Care of premises—Open pit—Duty toward licensee —Evidence—Nonsuit.*

1. In an action to recover damages for death, it was held that a nonsuit was properly entered where it appeared that plaintiff's decedent, a woman, for purposes exclusively her own, gained admission after dark to the plant of a large and partially unused steel works, to find her father who was a workman employed at the further end of the plant, and being unfamiliar with the surroundings started down a path which, if pursued, would have led her in safety to her destination, but wandered from the path and followed a track in the snow leading to an abandoned section of the plant, where she fell into a deep pit in the darkness, receiving injuries which caused her death. If the decedent were a trespasser, she took the risk of injury unless wantonly or intentionally inflicted, and if she were a licensee, no negligence was shown and the entry of a nonsuit was proper.

2. In such case the court committed no error in striking from the record testimony to the effect that the decedent had been instructed by a watchman as to the direction in which she should go, where there was no evidence whatever to show what, if any, authority the watchman had to admit strangers to the plant under such circumstances.

3. In such case the court committed no error in excluding testimony tending to show that people not employed in the plant were allowed to go through the same at night along the path taken by the decedent, where there was no claim made that the decedent had any knowledge whatever of any such use of the path, or had relied upon the fact that it was open to outsiders.

Argued February 12, 1913. Appeal, No. 392, Jan. T., 1912, by plaintiff, from judgment of C. P. Delaware Co., Dec. T., 1910, No. 104, refusing to take off nonsuit in case of Annie Hagan, by her next friend Harry Henry v. Delaware River Steel Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

The court granted a nonsuit which it subsequently on motion refused to take off. Plaintiff appealed.

*Error assigned* was the action of the court in refusing to take off the nonsuit.

*Joseph H. Hinkson* and *J. DeHaven Ledward,* for appellant.—One who invites or permits another upon his property and points out how to reach a place where that person desires to go, without giving warning of pitfalls likely to be encountered in going to the desired point, particularly at night, is responsible for injuries sustained in consequence of such pitfall: Kinsey v. Locomobile Co., 235 Pa. 95; Reid v. Linck, 206 Pa. 109; McKee v. Bidwell, 74 Pa. 218; Curtis v. DeCoursey, 176 Pa. 446; Boggess v. B. & O. R. R. Co., 234 Pa. 379; Caudell v. B. & O. R. R. Co., 234 Pa. 392; Schilling v. Abernethy, 112 Pa. 437; McManamon v. Hanover Twp., 232 Pa. 439; Allen v. Willard, 57 Pa. 374; Scranton v. Dean, 2 W. N. C. 467.

The acts and statements of the watchman were binding upon the defendant: Norton v. Breitenbach, 1 Pears. 467; Ephrata Water Co. v. Ephrata Borough, 24 Pa. Superior Ct. 353; Dee v. Sharon Hill Academy, 2 Pa. D. R. 228; McCullough v. Wallace, 8 S. & R. 181; Scott v. Sheakly, 3 Watts 50; Houck v. C. & A. Ry. Co., 116 Mo. App. 559 (92 S. W. Repr. 738); Simmons v. Penna. R. R. Co., 199 Pa. 232; Moon v. Matthews, 227 Pa. 488; Schimpf v. Harris, 185 Pa. 46; Guinney v. Hand, 153 Pa. 404; Marcus v. Gimbel Bros., 231 Pa. 200; Brunner v. Tel. & Tel. Co., 151 Pa. 447; Siddall v. Jansen, 168 Ill. 43 (48 N. E. Repr. 191); McDonough v. Repair & Supply Co., 45 Misc. 334 (90 N. Y. Supp. 358); DeHaven v. Hennessey, 137 Fed. Repr. 472; Mo., Kan. & Texas Ry. Co. v. Rodgers, 89 Texas 675.

The evidence offered to prove that the defendant customarily permitted persons other than employees to pass over and through this property at night should have been admitted: Reid v. Linck, 206 Pa. 109; McKee v. Bidwell, 74 Pa. 218; Siddall v. Jansen, 168 Ill. 43 (48 N. E. Repr. 191); McDonough v. Repair & Supply Co., 45 Misc. 334 (90 N. Y. Supp. 358); Henderson v. Refining Co., 219 Pa. 384; Millum v. Coal Co., 225 Pa. 214; Kay v. R. R. Co., 65 Pa. 269.

*William I. Schaffer,* with him *John J. Stetser* and *E. Wallace Chadwick,* for appellee.—An agents' authority cannot be shown by proof of his declarations, and in order that a party who has availed himself of the act of an agent may prove the latter's declarations to bind the master, the burden lies upon him to prove the authority under which the agent acted and that the declarations were within its limits: B. & O. Employees' Relief Assn. v. Post, 122 Pa. 579; Ellinger v. Kemerer, 30 L. I. 125; Irvine v. Buckaloe, 12 S. & R. 35.

It is settled by abundant authority that to enable a trespasser to recover for an injury he must do more than show negligence. It must appear there was a wanton or intentional injury inflicted on him by the owner: Gillespie v. McGowan, 100 Pa. 144.

Licensees and guests assume the ordinary risks of getting hurt while on the premises of the licensor or host: Weaver v. Carnegie Steel Co., 223 Pa. 238; Cox v. Farmers' Market Co., 2 Leg. Gaz. 193; Reardon v. Thompson, 149 Mass. 267; Greis v. Hazard Mfg. Co., 209 Pa. 276.

OPINION BY MR. JUSTICE MOSCHZISKER, March 31, 1913:

This case was brought to recover damages for the loss of the life of Isabella Hagan. On the evening of February 12, 1910, at about 7 o'clock, Mrs. Hagan and an adult sister went to the iron and steel mill of the de-

fendant company for the purpose of seeing their father who was employed there; they knocked at the office door, and some one designated in the testimony as "the watchman" responded; when they inquired for their father, he said, "go ahead down that way and you will find your pappy,"—indicating a direction with his hand. They went in the direction indicated along a paved walk to a point where it led off to the left by a well-defined unpaved path into the active part of the plant where the father was working; at the point in question another path or track led to the right,—this latter path being used by certain of the workmen as a way for reaching a pump which was located at the end of the paved walk, and also as a short cut to a part of the works. The night was "pitch dark" and the ground was covered with snow. The decedent had never been in the plant before, and the only light furnished was an occasional glare from the blast furnaces. When the two women reached the pump, instead of going to the left, for some unexplained reason they turned into the right-hand by-path. A little beyond, and to one side of this path, there was a long excavation covered with sectional iron plates; one of these plates was off, and after they had proceeded but a short distance Isabella Hagan stepped into the hole and received the injuries which caused her death. The trial judge entered a nonsuit, which the learned court below refused to take off, and the plaintiff has appealed.

We cannot see wherein negligence toward the deceased woman was proved; moreover, had she continued on the regular path which led to the active part of the plant, or even had she stayed on the path which she took, the accident could not have happened. As explained by one of her witnesses, "This pit had plates on it. If you kept on the path you would be all right. This girl must have stepped to the right three or four feet, because one of these plates was off. That is where we seen her when we looked that night." Counsel for

the appellee correctly epitomizes the case in the follow-
ing excerpt from his paper book:—"A woman for pur-
poses exclusively her own, gained admission, after dark,
to the plant of a large and partially unused steel works
to find her father, who was a workman employed at the
further end of the plant.  She was not familiar with the
surroundings, and according to her testimony, there
were no lights.  She started down a path, which if pur-
sued, would have led her in safety to her destination;
but she wandered from this path, and followed a track
in the snow down into an abandoned section of the plant,
where she fell off a retaining wall, into a deep pit or
depression, receiving injuries which caused her death;"
and this narrative negatives the plaintiff's right to re-
cover.  Although the man who pointed out the general
direction which the women were to pursue in order to
find their father, was called in the testimony "the watch-
man," there was no evidence to show what his duties
were or to indicate that he had authority to admit stran-
gers to the plant after dark, and for that reason, toward
the end of the trial, the presiding judge struck out all
the testimony concerning his declarations at the time he
admitted the decedent; since the plaintiff failed to pro-
duce any evidence from which the authority of the so-
called watchman could be found, either directly or im-
pliedly, we cannot say that error was committed in strik-
ing out the testimony in question.  With these proofs
out of the case the deceased woman was but a trespasser,
or should we view the matter as though the testimony
was still upon the record, she was at most no more than
a licensee; and from either point of view no negligence
toward her was shown.

"Invitation is inferred where there is a common inter-
est or mutual advantage, while a license is inferred
where the object is the mere pleasure or benefit of the
party using it": Curtis v. DeCoursey, 176 Pa. 446, 450.
There is nothing in the evidence to indicate that the
opening through which the deceased fell was unneces-

sary to the operation of the plant or that under ordinary circumstances it constituted an unusual danger. In the nature of things, a large industrial establishment of this kind is always beset with dangers of the character of this opening, made necessary by the work pursued; and as expressed by the present Chief Justice in Thompson v. B. & O. R. R. Co., 218 Pa. 444, 446, "The law fully recognizes the right of him, who, having dominion of the soil, without malice does a lawful act on his own premises, and leaves the consequences of an act thereby happening where they belong, upon him who has wandered out of his way, though he may have been guilty of no negligence in the ordinary acceptation of the term." "A person using the private property of another by permission or sufferance, takes upon himself the incidental risk": Weaver v. Carnegie Steel Co., 223 Pa. 238, 240, and cases there cited. Hence, if we consider the decedent as a mere trespasser, the rule that "it must appear that there was wanton or intentional injury inflicted" (Gillespie v. McGowan, 100 Pa. 144, 150) would apply and there could be no recovery; or, if she be viewed as a licensee, then under the principles just stated, no negligence was shown toward her and a nonsuit was properly entered.

But the appellant contends that certain testimony offered for the purpose of showing that outsiders were permitted in the defendant's plant at night should have been admitted. The material part of this assignment shows the following question put to one of the workmen in the defendant's plant, and the ruling thereon:—"Q. Do you or do you not know whether or not people outside of the employees at night time were permitted to go through and around these works where this path was?" This was objected to, the objection was sustained, and an exception was granted to the plaintiff. The trial judge had previously given counsel for the plaintiff permission to show that the witness saw people using the paths in question, and many of the witnesses did tell

of the uses made of these ways; but there was no claim or contention that the deceased had knowledge of or relied upon the fact apparently sought to be shown, i e., that these paths were open ways in general use by outsiders. The plaintiff did not take the position that the decedent had been misled to her injury by depending upon such knowledge and assuming that the paths would be guarded accordingly; on the contrary, the claim was that she had no familiarity whatever with the plant. Under the circumstances we do not see that error was committed in the ruling complained of.

The assignments are all overruled and the judgment is affirmed.