## Siegel, Appellant, *v.* New York Central Railroad Company.

*Negligence—Railroads—Crossings—Stop, look and listen—Stop at intervening space between tracks.*

Where a traveler approaches a grade crossing of a railroad and stops, looks and listens, and then enters upon the tracks, it is his duty to continue to watch until over the crossing; and if any in-

tervening space between the tracks offers, where he can have larger opportunities for seeing and hearing, he is bound to stop, look and listen quite as much as he was bound to stop before entering upon the first track.

In an action against a railroad company to recover damages for personal injuries and injuries to an automobile suffered in a collision at night between the automobile and an engine at a grade crossing, a judgment for defendant n. o. v. will be sustained where the evidence shows that plaintiff looked and listened, then drove at the rate of about eight miles an hour over four tracks, when he came to an intervening space of fifty feet; that he continued at the same rate without further stop, and was hit by an engine on the next track; that if he had stopped at a point eighteen and a half feet from the track, he would have seen the engine; and that the engine, which was running at eight miles an hour, gave proper signals.

Argued April 9, 1917.    Appeal, No. 39, April T., 1917, by plaintiff, from judgment of C. P. Erie Co., May T., 1915, No. 36, for defendant n. o. v. in case of Julius C. Siegel v. New York Central Railroad Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass to recover damages for personal injuries, and for injuries to an automobile.    Before ROSSITER, P. J.

At the trial it appeared that plaintiff suffered the injuries of which he complained on April 14, 1914, at 10 o'clock at night, while driving on Sassafras street in an automobile.    At the point where the accident occurred there were four high speed tracks, and then an intervening space of fifty feet, and after that two other tracks. Plaintiff's automobile was struck on the fifth track after he had passed over the intervening space.    The circumstances of the accident are stated in the opinion of the Superior Ct.

The jury returned a verdict for plaintiff for $1,500. Subsequently the court entered judgment for defendant n. o. v.

307, (1917).] Assignment of Error—Opinion of the Court.

*Error assigned* was in entering judgment for defendant n. o. v.

*John B. Brooks, Charles H. English* and *Fred Camp,* for appellant, cited as to contributory negligence Davidson v. Lake Shore, Etc., Ry. Co., 171 Pa. 522; Forno v. Penna. R. R. Co., 234 Pa. 538; Terry v. D., L. & W., 60 Pa. Superior Ct. 451; Corrigan v. Penna. R. R. Co., 218 Pa. 336; Muckinhaupt v. Erie R. R., 196 Pa. 213; Seifred v. Penna. R. R. Co., 206 Pa. 399; Fry v. Pa. R. R., 24 Pa. Superior Ct. 147.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellee, cited: Barthelmas v. L. S. & M. S. Ry. Co., 225 Pa. 597; Craig v. Penna. R. R. Co., 243 Pa. 455.

OPINION BY TREXLER, J., July 13, 1917:

The plaintiff was driving an electric automobile along Sassafras street in the City of Erie.    It was about ten o'clock at night.    As he approached the railroad crossing the safety gates were up.    He stopped, looked and listened.    He proceeded to cross what are known as the high speed tracks, four in number.    He then came to an open space of fifty feet.    Although he says he continued to look and listen he did not stop in this intervening space but proceeded at the rate of eight miles per hour to cross the remaining tracks.    As he was about to enter the next track he saw an engine approaching and swerved his car to avoid it but was caught apparently by the side of the engine and dragged some distance.    His car was wrecked and he was injured.    The jury found for the plaintiff but the court entered judgment for the defendant n. o. v.    There was evidence that alongside of the intervening space of fifty feet there were some obstructions to plaintiff's sight of the track.    There was a watchman's tower, a switch box, a low coal shed and a telegraph pole, but these obstructions did not entirely and continuously shut off the view of the track and for a

space of eighteen and one-half feet from the watchman's tower to the track where the plaintiff was injured, there was a clear view.

On the facts as presented it seems impossible that the plaintiff had he looked and listened, would not have seen and heard the approaching engine. He was going at the rate of eight miles per hour and the engine was approaching at the same rate. With the open space of eighteen and one-half feet unobstructed by any object that would interfere with his view and considering the slow rate his vehicle and the locomotive were moving, one would think a collision would be impossible if the plaintiff used his senses of sight and hearing. There was some negative testimony that the witnesses heard no ringing of the bell and did not see any headlight but there is direct and positive testimony that the bell was rung and the light was burning and the engine was "popping" very hard, i. e. emitting steam. The plaintiff was hit just as he was about entering the track. There was as stated before a space of fifty feet between the tracks. This furnished a safety zone where plaintiff could stop, look and listen. He was not in a position of one who has committed himself to a crossing, the tracks lying close together where to stop may invite greater peril than to proceed. The intervening space was large enough to allow him to stop with entire safety. The vehicle being entirely under human control, the danger of stopping near the tracks was absent. If he had been driving a team of horses, a different element of danger might have been present. The dimensions of the open space are not disputed. The case affords no parallel to those where it has been held that it is for the jury to decide whether there was a second proper stopping place or not. The rule of law is that having once entered the tracks without having violated any fixed rule, the duty to watch continues to the end and if any intervening space between the tracks offers where the plaintiff can have larger opportunities for seeing and hearing, he is bound

to stop, look and listen quite as much as he was bound to stop before entering upon the first track: Keppelman v. P. & R. Co., 190 Pa. 333; Barthelmas v. L. S. & M. S. Ry. Co. 225 Pa. 597. As plaintiff violated this imperative duty he lost his right to recover for the injury sustained. The application of this rule can the more readily be made to the case before us in view of the fact that all, of the circumstances as developed by the testimony show that had he stopped in this space the accident would have been avoided.

As we do not think plaintiff is entitled to recover, we need not discuss the assignments of error as to the damages and to certain alleged errors in the charge.

The assignments of error are overruled and the judgment is affirmed.