Falchetti et ux. *v.* Pennsylvania R. R. Co., Appellant.

Argued March 17, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

204

*Samuel W. Pringle,* of *Dalzell, Dalzell, McFall & Pringle,* for appellant.—The six-year-old son of plaintiffs who lost his life while walking longitudinally along the alleged path in very close proximity to the westbound main track was in effect a trespasser, and since the evidence fails to disclose the violation of any duty owing from defendant to him as such, plaintiffs are not entitled to recover: P. & R. R. R. v. Hummell, 44 Pa. 375; Moore v. R. R., 99 Pa. 301; Kaseman v. Boro., 197 Pa. 162; Tiers v. R. R., 292 Pa. 522; Bailey v. R. R., 220 Pa. 516; Leithold v. Ry., 47 Pa. Superior Ct. 137; Conn v. R. R., 288 Pa. 494; Gray v. R. R., 293 Pa. 28; Kolich v. Ry., 303 Pa. 463.

*C. J. Tannehill* with him *Coleman Harrison,* for appellees, cited: Tiers v. R. R., 292 Pa. 522, 528; Gray v. R. R., 293 Pa. 28, 32; Francis v. R. R., 247 Pa. 425; Kremposky v. Coal Co., 266 Pa. 568; Easterly v. R. R., 75 Pitts. L. J. 471; Piepka v. R. R., 242 Pa. 321.

OPINION BY MR. JUSTICE SIMPSON, April 11, 1932:

Plaintiffs sued to recover damages for the death of their minor son, who was struck by the overhang of the cylinder head on one of defendant's passing engines, while he was walking longitudinally on its right-of-way, immediately adjacent to its tracks. The boy was six years old, too young to be contributorily negligent; but he was nevertheless a trespasser on the right-of-way, and for an injury resulting under such circumstances defend-

ant will not ordinarily be liable: Conn v. P. R. R. Co., 288 Pa. 494; Kolich v. Monongahela Ry. Co., 303 Pa. 463. Of course, if those in charge of defendant's train had known that he was upon its right-of-way, they would have been required to exercise care to avoid injury to him (Piepke v. Phila. & Reading Ry. Co., 242 Pa. 321), exactly as they would have been if there had been no alleged permissive way. But they had the right to presume, and act upon the presumption, that there were no such trespassers (Conn v. P. R. R., supra; Gray v. P. R. R. Co., 293 Pa. 28), and defendant will not be held liable, if the presence of the trespasser did not become known until it was too late to avoid the accident: Piepke v. Phila. & Reading Ry. Co., supra; Conn v. P. R. R., supra. The duty to exercise care after such presence becomes known is, of course, greater in the case of infants, who are not supposed to be as fully aware of their danger, than it is in the case of adults. In the instant case, however, there is neither averment nor proof that the child's presence on the right-of-way was in fact known in time to avoid the accident, but only that the existence of the alleged permissive way, on which he was walking, imposed on defendant a duty to exercise great care towards those using it. It follows that the trial judge's refusal of defendant's point for binding instructions, and the court in banc's dismissal of its motion for judgment non obstante veredicto, were alike erroneous.

The explanation of the establishment and use of the alleged permissive way was that the character of the public road, near to and paralleling the tracks, and the constant passage of automobiles thereon, made the road dirty and disagreeable in bad weather, and at all times dangerous to pedestrians, particularly to children; and because of this the space alongside of defendant's tracks had been in constant use for a long time, resulting in an easily recognized beaten path, of which defendant was bound to take notice, and, therefore, to operate its trains so as not to cause injury to those using it. But defend-

ant was not responsible for the character and condition of the public road, and, moreover, as the Conn and Kolich Cases show, an alleged permissive way parallel with plaintiff's tracks and on its right-of-way, as distinguished from a permissive crossing over them, is not recognized in this State.

The need for this conclusion is made apparent in the instant case, for this alleged beaten path is at some points dangerously near to defendant's tracks, and at others at a relatively safe distance therefrom; and it parallels those tracks around the outside of a rather sharp curve, so that it is difficult, if not impossible, for the engineer of an approaching train on the track nearest to the path to know, until it is too late to avoid an accident, whether or not he can operate his engine without striking a pedestrian, if one should be on the path at the place of this regrettable accident. At that point it was but a few inches from the track, so that the cylinder of the engine, on account of the curve, not only projected over the rail further than would have been the case on a straight track, but also, by reason thereof, tended to hide from the view of the engineer those who were on the path.

We do not deem it necessary to review the authorities cited by either litigant as showing, or tending to show, that a long continued use of a well defined path on the right-of-way of a railroad company, may or may not be considered as evidencing a permission to continue to use it. So far, if at all, as they tend to sustain the right to continue such a use, they must be considered as overruled by the Conn and Kolich Cases.

The judgment of the court below is reversed and judgment is here entered for defendant non obstante veredicto.