**ANTONAS v. LYFORD.**

No. 8622.

Circuit Court of Appeals, Third Circuit.

Argued June 23, 1944.

Decided Sept. 6, 1944.

Paul Bedford, of Wilkes-Barre, Pa. (Ben R. Jones, Jr., of Wilkes-Barre, Pa., and Elbert N. Oakes, of New York City, on the brief), for appellant.

Stanley F. Coar, of Scranton, Pa. (Louis A. Fine, of Honesdale, Pa., on the brief), for appellee.

Before BRATTON and JONES, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

This is a civil action by the plaintiff, as administratrix, to recover damages for the death of a minor child alleged to have been caused by the defendant's negligence. The plaintiff recovered a verdict, the District Court refused to set it aside and the defendant has appealed.

The case is that of a thirteen year old girl falling from a railroad trestle upon rocks in the bed of a stream twenty-five feet below. The trestle was twenty-five or thirty feet long and carried two tracks between which was an open space two or three feet wide extending the length of the trestle. There was no guard rail and no foot walk, and anyone crossing had to walk on the ties.

There was evidence that the trestle had been used for twenty years or more as a means of crossing the stream by the people of a small town nearby. Children used it frequently in order to reach a cleared area nearby which had become a sort of playground. Two or three times a year, when the creek was in flood, the trestle was the only means of reaching the playground, and a few days before the accident the only other crossing in the neighborhood had for some reason or other become impassable. In other words, if the law recognized a longitudinal permissive way on or along railroad tracks, as distinguished from a permissive crossing, such permissive way would have to be considered as established by the verdict.

It is undisputed that the little girl, who had been sent with two companions to retrieve some cows from the other side of the stream, walked along the tracks upon the railroad right of way for three hundred feet in order to reach the trestle, was crossing upon it and must have been walking upon one of the tracks when she fell.

We hold: (1) That the law of Pennsylvania governs, the accident having occurred in that state; (2) that the case, in all essentials, is on all fours with Falchetti v. Pennsylvania R. Co., 307 Pa. 203, 160 A. 859, which declares that the law of Pennsylvania does not recognize a longitudinal permissive way upon or along railroad tracks and that a person walking along or upon the tracks, except at crossings, is a trespasser; (3) that the rule of the Falchetti case is the law of Pennsylvania; (4) that the so-called attractive nuisance rule does not apply to the situation presented by the present case and that the defendant has not been shown to have failed in any duty in respect of the protection of children or others using the trestle and consequently can not be held responsible for the girl's death.

The learned District Judge held that the Falchetti case was wrongly decided,

that the earlier case of Kay v. Pennsylvania R. Co., 65 Pa. 269, 3 Am.Rep. 628, is still the law and supports the doctrine that there may be a longitudinal permissive way, and that the statement of the court in the Falchetti case [307 Pa. 203, 160 A. 860], that "So far, if at all, as they (the earlier cases) tend to sustain the right to continue such a use, they must be considered as overruled by the Conn and Kolich cases [Conn v. Pennsylvania R. R., 288 Pa. 494, 136 A. 779; Kolich v. Monongahela R. Co., 303 Pa. 463, 154 A. 705]," was based upon a misapprehension of what those two cases really ruled.

In Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, in a similar fact situation, the Supreme Court ruled that the law of Pennsylvania governed but did not declare what that law was. When the case, after reversal, was reheard by the Circuit Court of Appeals for the Second Circuit, the same argument that this plaintiff makes was presented to that court. The opinion of the court was as follows: "Whether there were prior Pennsylvania cases inconsistent with the Falchetti decision and whether the Conn and Kolich cases directly support the rule it lays down are questions that do not concern us. It is clear beyond question that Falchetti's case declares unequivocally that the law of Pennsylvania does not recognize a 'permissive way' parallel and adjacent to a railway company's tracks but treats a person walking along such a path as a trespasser." Erie R. Co. v. Tompkins, 2 Cir., 98 F.2d 49, 50. With this statement we fully agree, and further discussion in unnecessary.

However, while not conceding that the Falchetti case is the law of Pennsylvania, the plaintiff further seeks to draw a distinction between its facts and those of the present case. She argues that since the trestle was commonly used as a way of reaching the playground and was at times the only way, it must be considered as actually part of the playground.

■ Assuming that the evidence was sufficient to establish that the playground was on property belonging to the defendant and assuming further that the trestle might be considered a part of it (both of which propositions are extremely doubtful), we are of the opinion that the duty of the defendant did not extend to the protection of trespassing children from risks so obvious as the danger of falling from the trestle.

In McHugh v. Reading Co., 346 Pa. 266, 30 A.2d 122, 145 A.L.R. 319, a case in which a child fell from a cornice upon the abutment of a bridge on the defendant's land which, by reason of an ornamental scroll formation made a sort of seat and was called by the children "the king's throne," and used by them as such in their play, the court said: "We have not been referred by counsel to any Pennsylvania case, nor has our own research disclosed any, in which recovery was allowed against the possessor of land, even though a permissive playground, where a child was injured merely by falling or jumping from a stationary object or structure on the property. Liability to trespassing children has uniformly been limited to accidents arising from latent dangers, such as unguarded machinery, live wires, pits or open trap doors. This distinction results from one of the conditions of liability set forth in the Restatement of Torts, § 339, clause (c) that 'the children because of their youth do not * * * realize the risk involved * * *.' In the comment (p. 925) on this clause the Restatement says: 'A possessor of land is * * * under the duty to keep so much of his land as he knows to be subject to the trespasses of young children free from artificial conditions which involve an unreasonable risk of death or serious bodily harm to them. This does not require him to keep his land free from conditions which even young children are likely to observe and the full extent of the risk involved in which they are likely to realize. The purpose of the duty is to protect children from dangers which they are unlikely to appreciate and not to protect them against harm resulting from their own immature recklessness in the case of known danger.'"

This being the law of Pennsylvania, it follows that there was no duty upon the defendant to provide a foot walk, to cover the opening between the tracks or to erect guard rails. The evidence does not establish with any degree of certainty that the girl fell into the opening between the tracks (though it could support a finding to that effect) and, as a matter of fact, there is no evidence as to how she came to fall or just what she was doing at the time. She was not seen beyond a point twenty-seven feet short of the trestle. She

was of sufficient age to appreciate fully the danger of falling from a high place and appears to have been observant and normal in all respects. In the McHugh case the child who was killed was only six years and eight months old. The court said, "Certainly a normal child nearly seven years of age—indeed any child old enough to be allowed at large—knows that if it steps or slips from a tree, a fence, or other elevated structure, it will fall to the ground and be hurt", and went on to quote with approval from several cases in other jurisdictions supporting its ruling, in all of which the place where the injury had occurred had become a permissive playground for children.

The judgment of the court below is reversed and the case remanded for proper action in favor of the defendant.