Miller, Appellant, v. Pennsylvania Railroad Co.

Byrd, Admrx., et al., Appellants, v. Pennsylvania Railroad Co.

Argued September 27, 1944. Before MAXEY, C. J., DREW, LINN, PATTERSON and STEARNE, JJ.

*John E. Evans, Jr.,* with him *Evans, Evans & Spinelli,* for appellants.

*Samuel W. Pringle,* with him *Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 31, 1944:

These actions in trespass arose out of the deaths of Mary Miller and Jasper Byrd, Jr., and injuries to Robert Byrd. They were struck by an eastbound train on appellee's railroad at 12.57 p. m., July 28, 1941. A verdict was directed for the defendant in the Miller case. The jury returned verdicts in favor of the administratrix of the estate of Jasper Byrd, Jr., in the sum of $2,000; for the parents, in their own right, in the sum of $2,169.50; and for Robert Byrd, by his guardian, in the sum of $100. From the overruling of a motion for a new trial in the Miller case and granting of motions for judgments n. o. v. in the Byrd cases, these appeals are taken.

Considering the evidence in the light most favorable to the plaintiffs, the accident occurred in the following manner: Mrs. Miller, aged 43, with her grandsons, Jasper Byrd, Jr., and Robert Byrd, aged 8 and 9, respectively, were walking from Salina to Avonmore over a short cut used daily by large numbers of the public. This path, on the southern side of the right of way of defendant's two track line, was entered by them at a point where the public highway curves sharply away from the railroad, and was followed approximately 700 feet to a place where a creek blocks further passage.

To traverse this creek the parties attempted to cross defendant's eastbound track, walk between the double tracks on a four foot wide boardwalk for a distance of fifty-four feet, and recross the eastbound tracks to the side of the right of way. Although the weather and light conditions were good, the view at the first crossing of the eastbound track was limited to about 320 feet by a freight train on the westbound track, which prevented full vision around a fairly sharp curve to the north. They stopped, looked, and listened, and then crossed the eastbound track. Halfway down the boardwalk, with Robert leading, Jasper second, and Mrs. Miller following, they saw an eastbound freight approaching at 30 miles per hour and started to run on defendant's right of way. In attempting to get off by recrossing the eastbound track, Robert was struck and thrown into the southern ditch, and Jasper and Mrs. Miller were instantly killed.

The immediate question is whether, as a matter of law, a permissive crossing was established at the point of impact.

In deciding that a permissive crossing did not exist, the lower court relied on *Falchetti et ux. v. Penna. R. R. Co.*, 307 Pa. 203, 160 A. 859. In that case, plaintiffs' minor son was killed by the overhang of defendant's engine, while walking longitudinally beside defendant's tracks on a well-beaten path used by the public generally. We held that a permissive way could not parallel the tracks on the right of way.

Appellants contend, however, that the Falchetti case is inapplicable to the instant case because the path in the Falchetti case never crossed the tracks. To this the lower court answered that ". . . the bridge only formed a small segment of a long longitudinal course pursued by the public and therefore the plaintiffs have no cause of action." This was a correct statement. The character of a longitudinal way is not changed into a permissive crossing merely because the longitudinal wayfarer

crosses a track, intending to continue as a trespasser on the right of way. An almost identical situation was presented and similarly disposed of in *Tompkins v. Erie R. Co.*, 98 F. 2d 49 (1938), (Certiorari denied 305 U. S. 637, 83 L. E. 410), when that case was retried after the decision reported in 304 U. S. 64, 82, L. E. 1188, 58 S. Ct. 817.

Judgments of the court below are affirmed.