## Franc *v.* Pennsylvania Railroad, Appellant.

Argued November 11, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*Michael R. Dougherty*, for appellant.

*Herbert N. Rosenberg*, with him *Rosenberg and Kirshner*, for appellee.

OPINION BY JACOBS, J., December 16, 1965:

Defendant appeals from the judgment entered on a verdict for the plaintiff after the lower court denied its motion for judgment n.o.v. and for a new trial.

The facts, viewed in the light most favorable to the verdict-winner, establish that on March 8, 1962, the 21 year-old plaintiff was injured when she fell through an opening left by a missing plank in the walkway of a railroad bridge owned and maintained by the defendant. The bridge, one of three in the vicinity, had been used by pedestrians in the area to cross Chartiers Creek for about thirty years without objection from the defendant. It was between 40 and 50 feet long, was of steel frame construction and contained one set of tracks. On each side of the tracks was a three or four foot wide walkway of wooden planks, laid parallel to the tracks with a wooden railing at the edge of the walkway. The planks were two inches by ten inches and were between six and twelve feet long. A plank had been missing for about three weeks before the accident and freight trains passed over the bridge several times a day.

On the date of the fall, the weather was clear but there was three or four inches of snow on the ground. Plaintiff testified that she didn't see the hole left by the missing plank because the snow was "smoothed out, and it was like hanging over. You couldn't notice the hole or anything like that." Another witness testified that "the snow and soot had blended the bridge and the plank together, and you wouldn't know that there was a missing plank . . ." Plaintiff fell through the opening about fifteen feet to the creek bed below and sustained a broken ankle. Defendant offered no testimony at trial. The jury returned a $7,000 verdict for the plaintiff.

We are persuaded that under the law of Pennsylvania as it now exists defendant's request for a compulsory nonsuit should have been granted.

In *Falchetti v. Pennsylvania Railroad Co.*, 307 Pa. 203 at 206, 160 A. 859, 860 (1932), the Supreme Court held that "an alleged permissive way parallel with plaintiff's tracks and on its right-of-way, as distinguished from a permissive crossing over them, is not recognized in this State"[1] and that one who walks on the right-of-way is a trespasser. This case has been followed in *Miller v. Pennsylvania Railroad Co.*, 350 Pa. 424, 39 A. 2d 576 (1944); *Tompkins v. Erie Railroad Co.*, 98 F. 2d 49 (1938); and *Antonas v. Lyford*, 144 F. 2d 763 (1944). It has not been overruled[2] and must be accepted as the law in this jurisdiction today. Neither the lower court nor this court can change the *Falchetti* holding by recognizing that a railroad can create a longitudinal permissive way for pedestrians by placing a wooden plank walkway on each side of its tracks on a railroad bridge, as was done in this case. An analysis of the factual considerations set forth in *Falchetti* suggests that perhaps the broad scope of the *Falchetti* rule should be reconsidered. However, until the Supreme Court does so, this plaintiff must be regarded as a trespasser.

As a trespasser, plaintiff would have us adopt Section 335 of the Restatement of Torts and consider the testimony in light of the standard of care suggested there. To do so, we would have to ignore the decisions of our Supreme Court defining the duty owed to a trespasser. This we cannot do. Our Supreme Court has said that the only duty owed to a trespasser by a prop-

---

[1] An annotation in 167 A.L.R. 1253 at 1346, states that Pennsylvania is a notable exception in making this distinction.

[2] Dictum in *DiMarco v. Pennsylvania Railroad Co.*, 321 Pa. 568 at 571, 183 A. 780 (1936), cannot be said to overrule by inference so explicit a holding as that of the *Falchetti* case. *Pro v. Pennsylvania Railroad Co.*, 390 Pa. 437, 135 A. 2d 920 (1957), does not affect the *Falchetti* holding because *Pro* is a crossing case and our Supreme Court has laid down the distinction referred to above.

74

erty owner is the avoidance of wanton or intentional injury in maintaining his property, *Hagan v. Delaware River Steel Co.*, 240 Pa. 222, 87 A. 574 (1913); *Hildebrand v. Director General of Railroads*, 270 Pa. 86, 112 A. 875 (1921), and the avoidance of wilful or wanton misconduct in carrying out his activity there, *Evans v. Philadelphia Transportation Co.*, 418 Pa. 567, 212 A. 2d 440 (1965). In this case, all that was established was that for about three weeks a plank was missing on a railroad bridge walkway. To let a jury infer from the passing of trains over the bridge that the defendant had knowledge of this defect is one thing. But there were no facts from which a jury could find wanton or intentional injury on the part of the defendant. Even under the most favorable interpretation of the evidence, plaintiff's verdict cannot be sustained.

Judgment reversed and judgment non obstante veredicto entered for the defendant.

WATKINS, J., dissents.