## Feudale *v.* Hines, Director General, Appellant.

*Negligence—Railroads—Automobiles—Collision—Stop, look and listen—Grade crossing—Motor stalling on tracks—Gross negligence —Wilful trespass.*

1. A person driving an automobile is bound to take notice before driving on to a grade crossing of a railroad, that the motor of his engine may stall on the tracks.

2. If he does not stop, look and listen, and, in proceeding to cross, his engine stalls and he is killed by a train, he will be deemed to have been guilty of contributory negligence as a matter of law, although the engineer of the train might have stopped in time to prevent the accident, if he had not been negligent, and although the automobile had ample time to cross, if its engine had not stalled.

Mr. Justice SIMPSON dissented on the ground that the question of defendant's gross negligence or wilful trespass should have been submitted to the jury, even though plaintiff was therefore guilty of contributory negligence.

Argued May 9, 1921. Appeal, No. 259, Jan. T., 1921, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1919, No. 112, on verdict for plaintiff, in case of Marietta Feudale v. Walker D. Hines, Director General of Railroads, operating the Pennsylvania R. R. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's husband. Before CUMMINGS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $25,500. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*John Hampton Barnes,* with him *J. Simpson Kline* and *George B. Reimensnyder,* for appellant.—The rule is absolute that a driver or a pedestrian must stop, look and listen, no matter if, before doing so, the approaching train is seen by him: Aiken v. R. R., 130 Pa. 380; Ihrig v. R. R., 210 Pa. 98; Easley v. R. R., 238 Pa. 67; Peoples v. R. R., 251 Pa. 275; Gordon v. Director Gen., 268 Pa. 497.

*L. S. Walter,* with him *F. H. Strouss,* for appellee.— The question of stop, look and listen was not an issue in the case: Steele v. R. R., 238 Pa. 295; Moore v. Ry., 108 Pa. 349; Lake Shore, etc., Ry. v. Rosenzweig, 113 Pa. 519.

OPINION BY MR. JUSTICE FRAZER, July 1, 1921:

Plaintiff's husband was killed in a collision between the Ford autotruck he was driving and one of defendant's trains, at a grade crossing in the town of Mt. Carmel, Northumberland County. Immediately before the accident, deceased was driving on a highway parallel-

ing the railroad and, upon reaching the public crossing, turned abruptly to the left to cross the railroad tracks. As he did so, both he and his nephew, Ralph Feudale, who was riding with him, saw an engine approaching backwards from the same direction in which they were traveling, pushing toward the crossing a steel flat car loaded with pig iron, at an estimated speed of from four to six miles an hour, or at a speed termed by witnesses equivalent to a fast walk. The testimony adduced on behalf of plaintiff tends to show that at the time the truck reached the crossing the train was approximately 158 feet distant, affording deceased ample time to cross the tracks ahead of it. The motor of the truck stalled while the car was on the crossing and before being started the car was struck by the approaching train, resulting in the fatal injury to plaintiff's husband. Plaintiff concedes decedent failed to stop, look and listen before entering on the crossing, claiming, however, this neglect was not responsible for the accident as the truck had ample time to clear the tracks had the motor not stalled. In submitting the case to the jury it was left to them to say whether deceased was negligent in attempting to cross ahead of the approaching train and if the engineer was negligent in failing to stop upon being notified of the situation of the automobile. There was a verdict for plaintiff and from the judgment entered thereon defendant appealed.

With respect to the negligence of defendant, in addition to evidence that the train was 158 feet from the crossing at the time the truck stalled on the track, the testimony of one witness is that he saw brakemen signalling to the engineer to stop at the time the front of the moving freight car was at least 50 feet from the crossing. The engineer testified at the rate the train was traveling, being on an up-grade, it could have been stopped within two or three feet. Notwithstanding this fact there is evidence that the train was not brought to a stop until it had passed beyond the crossing, a distance of

113 feet. A witness also testified that the engineer was not looking ahead as he approached the crossing. This testimony was contradicted in almost every particular, witnesses for defendant testifying the train was much nearer the crossing and that decedent undertook to cross ahead of it when too near to avoid an accident, and, further, that the train could not have been stopped in a shorter distance than from 30 to 35 feet. The question of defendant's negligence was one of fact which is ordinarily for the jury.

Contributory negligence by decedent is a more serious question. Had the engine of the truck not stalled and the collision occurred, the failure of decedent to stop, look and listen before entering on the track would have been conclusive evidence of negligence. He did, however, proceed in the face of obvious danger and if nothing unusual had happened, and, notwithstanding this, the train had collided with his truck, defendant could not be held responsible for decedent's mistake in judgment. Does the unexpected stalling of his engine absolve him from all responsibility from the position in which he found himself? In our opinion, under the particular circumstances of this case, it does not. The tendency of an automobile engine, and especially of the particular make here involved, to stall if driven at low speed, is well-known to all drivers. In undertaking to calculate his chances on crossing the track ahead of the train, deceased was bound to foresee and take into consideration this additional danger and cannot shift to defendant the responsibility for his own mistake.

The judgment of the court below is reversed and the record remitted with direction that judgment be entered for defendant non obtsante veredicto.

DISSENTING OPINION BY MR. JUSTICE SIMPSON:

The careful and accurate statement of the evidence, set forth in the opinion of the majority of the court,

makes it easy to point out the single matter which compels this dissent.

Decedent was negligent in driving on the track without stopping, looking or listening; and, since the charge of the court practically gave no effect to this requirement,—stating as its reason, in refusing a new trial: "As we then viewed the matter, and still view it, the question of stop, look and listen had nothing to do with the case,"—it is necessary, of course, to reverse the judgment. It seems equally clear to me, however, upon the evidence produced, we should not enter judgment for defendant non obstante veredicto.

It appears, as stated in the opinion of the majority, that when decedent's motor stalled, the train was 158 feet away; if the engineer of defendant had been looking ahead, as it was his duty to do (Steele v. Lake Shore & Michigan Southern R. R. Co., 238 Pa. 295, 300), he would then have seen the danger, and could have stopped in time to avoid the accident. This also he could have done, had he been watching for the signals of the brakemen, who were on the car being pushed ahead, and were put there for the express purpose of signalling to him; for then the train was at least 50 feet from the crossing and going very slowly. Instead, he kept on without even slowing up, running to a point 113 feet beyond the crossing before stopping, though he says he could have stopped within two or three feet. Assuming this evidence to be correct (as of course we must on a motion for judgment non obstante veredicto), the jury could have found therefrom either that the engineer was grossly negligent when he should have been alert, or that he wilfully ran into the stalled motor; and, in either event, in my judgment, the fact that decedent was theretofore negligent does not conclusively determine defendant should not be held liable for its negligence, since, if it had exercised even slight care, there would have been no accident: Moore v. Phila., Wilmington & Baltimore R. R. Co., 108 Pa. 349; Lake Shore & Michigan Southern Ry. Co. v.

Rosenzweig, 113 Pa. 519; Walsh v. Pittsburgh Rys. Co., 221 Pa. 463, 465; 33 Cyc. 854-7; R. C. L. 963, 969.

I would reverse the judgment and award a new venire.