## Brown *v.* The Cunningham Cab Company, Appellant.

*Negligence—Taxi cab—Trolley car—Collision with—Evidence—Case for jury.*

In an action of trespass against a taxi cab company to recover damages for personal injuries sustained by an occupant of its cab in a collision between a trolley car and a taxi cab, the evidence disclosed that the driver of the cab cut in front of the car and shortly thereafter the cab stalled and was struck by the car. The plaintiff was thrown to the floor of the taxi and injured. According to the testimony of the plaintiff the collision occurred ten seconds after the cab stopped. The driver of the cab testified that the interval between the stopping of the cab and the collision was about a minute and a half or two minutes.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

When a driver of a motor vehicle cuts in ahead of a trolley car and is so close in front of it that its sudden stopping may produce an accident, it is for the jury to pass upon the question of his negligence.

Argued October 19, 1927. Appeal No. 297, October T., 1927, by defendant from judgment of M. C., Philadelphia County, February T., 1926, No. 808, in the case of Edward W. Brown v. The Cunningham Cab Co. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for personal injuries.   Before
WALSH, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $1,157 and judg-
ment thereon.   Defendant appealed.

*Errors assigned,* were to the charge of the Court
and the refusal of defendant's motion for judgment
non obstante veredicto.

*H. Rook Goshorn,* and with him *Frank R. Ambler*
and *Harry S. Ambler, Jr.,* for appellant.

*James F. Masterson,* for appellee.

OPINION BY TREXLER, J., March 2, 1928:

The plaintiff, a passenger in a taxicab operated by
the defendant company, was injured through a col-
lision between the taxicab and a trolley car.   He
boarded the taxicab at the Baltimore & Ohio Railroad
Station and as the car was proceeding eastward on
Lombard Street, the driver cut in in front of the east
bound trolley car which had started to enter the block
between 19th and 20th Streets and continued in front
of the trolley car until it reached the middle of the
block when it stalled and stopped suddenly and was
struck by the trolley car.   The plaintiff was thrown to
the floor of the taxi and was injured.   He testified that
as soon as the cab stopped, the trolley crashed into it.
He fixes the time as about ten seconds.   The chauffeur
who drove the taxi testified that the interval between
the stopping of the taxicab and the striking of it was
about a minute and a half or two minutes.   He said
what he meant was that from the time the taxicab
stopped until he moved his hand over to the door to
get out, the trolley car struck the cab.   On these facts,
the question of the negligence of the cab driver was for

the jury. If we accept his version of the affair that the taxi had stopped one and a half or two minutes on the track, the jury could conclude that it was his duty, instead of sitting in the cab, to get out and warn the trolley car of the predicament he was in. One and a half or two minutes, through common experience, we know, would have been ample time to do this. This duty becomes more apparent when we find that in the present instant, the only way to start the cab was to get out and crank it.

Even if we pass this, the question of defendant chauffeur's negligence still remains. He switched right in front of the trolley car and proceeded ahead of it apparently so close that when his car stalled, the motorman had not sufficient time to stop. The stalling of the car and its sudden stop would allow the inference that the brakes had been applied, for the momentum of the car would have carried it at least some distance. The inference can be drawn that the taxicab maintained such close proximity to the car as to make a collision probable and that the driver of the taxicab was not acting the part that a reasonably prudent man would do under the circumstances. The stalling, the stopping, and the collision were so closely related as to allow this conclusion to be drawn by the jury. The fact that his car might stall was one which was well-known to all automobilists In Feudale v. Hines, 271 Pa. 199, it was held by the court that a person driving on a grade crossing of the railroad must be aware of the tendency of the automobile engine to stall and that such tendency is well-known to all drivers, especially where the rate of progress is slow. When a person cuts in ahead of the trolley car and is so close in front of it that its sudden stopping may produce an accident, it is for the jury to pass upon the question of his negligence.

The judgment is affirmed.