# Urban, Appellant, *v.* Focht.

*Negligence—Contractor—Employee of subcontractor.*

An employee of a subcontractor cannot maintain an action against the contractor to recover damages for personal injury suffered by the fall of an elevator, installed by the contractor, but not intended for plaintiff's use, and which he had no right, springing from any relation with the contractor, to use, and which he did use merely as a licensee by permission of the contractor's foreman.

Argued Feb. 27, 1911.  Appeal, No. 34, Jan. T., 1911, by plaintiff, from order of C. P. Berks Co., Aug. T., 1902, No. 83, refusing to take off nonsuit in case of Charles E. Urban, by his next friend and father, Clemens Urban, v. Levi H. Focht.  Before Fell, C. J., Brown, Potter, Elkin and Stewart, JJ.  Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, Endlich, P. J., filing the following opinion:

The Colonial Trust Co. contracted with defendant for the erection of a building which involved certain work subsequently, by mutual consent, taken out of his hands and given to another party, who engaged the firm of Remppis & Co. to perform a part of it.  In the course of its performance by this firm the plaintiff, one of its employees, was injured while using an elevator constructed and operated by the defendant in the prosecution of the work done by him for the use of his employees.  The occasion for this was the circumstance that a rope and pulley used by Remppis & Co.'s men for hoisting bolts to the upper floors had been drawn up because the bricklayers had laid boards across the beams, loaded with brick and interfering with the manipulation of the rope.  For the purpose of themselves getting to the upper floors Remppis

& Co.'s men had been in the habit of using ladders, available for that purpose at the time of the accident. Permission was given plaintiff at his request by defendant's foreman to use the elevator in this instance to take up the bolts. It was designed only to raise materials. But there is testimony that in order to take up the bolts it was necessary for some one to go along to hold them in position. There were several loaded wheelbarrows on the elevator at the time. Three of Remppis & Co.'s men got on with the bolts. When part of the way up, the elevator broke. The theory upon which this action was brought against defendant is rather vaguely indicated by the declaration as amended the second time, in the allegations that, being the contractor for the entire structure and engaged in its erection, he "maintained and operated an elevator;" that plaintiff, "in pursuance of his occupation in connection with the erection and construction of the building . . . . was lawfully upon said elevator within the scope and performance of the duties of his employment in connection with the . . . . erection and construction of said building;" that thereupon it became defendant's duty safely to construct and maintain the elevator; that it was improperly constructed and maintained; and that plaintiff's injury resulted from this circumstance. The nonsuit was asked for and entered on the ground of nonproof of any relation between plaintiff and defendant upon which the responsibility sought to be fastened upon the latter in favor of the former could be legally predicated.

It is certain that the relation of employer and employee did not exist between them. It is contended, however, that the firm employing plaintiff was a subcontractor under defendant in the erection of the building. Suppose that to be so. Then, under the doctrine of Johnston v. Ott Bros., 155 Pa. 17, there was a duty resting upon the defendant to do his part of the work in the erection of the building in a manner consistent with the safety of the employees of Remppis & Co., and for an injury occur-

ring to one of them through defendant's failure to live up to that duty a recovery might be had against him. But there was no obligation upon him by law, and no evidence of any by contract (see Hoffner v. Prettyman, 6 Pa. Superior Ct. 20), to furnish the subcontractor's employees with special conveniences, such as an elevator, in the performance of their work, or to put at their disposal for that purpose conveniences of that sort provided for his own workmen. Accordingly, had the plaintiff, while on his proper and accustomed way to his work, been hurt by the fall of the elevator, it may be that he would have had a cause of action against defendant: see Alexander v. Steel Co., 189 Pa. 582; Kitchen v. Mfg. Co., 207 Pa. 558. But that was not at all this case. On the contrary, the plaintiff was hurt while using an appliance of defendant's which was not there for plaintiff's use, and which the latter had no right, springing from his relation to defendant, to use. True, the defendant's foreman allowed him to use it. But in making use of that permission plaintiff was a mere licensee, assuming as such the risks involved in the use of the elevator just as it was. It is in the nature of a mere license that its grant creates no duty and imposes no obligation upon the licensor to provide against danger or accident: Batchelor v. Fortescue, L. R. 11 Q. B. Div. 474; Sweeney v. R. R. Co., 92 Mass. 368; Pelton v. Schmidt, 97 Mich. 231 (56 N. W. Repr. 689); Gillis v. R. R. Co., 59 Pa. 129, 141; Maguire v. Magee, 22 W. N. C. 159; Weaver v. Steel Co., 223 Pa. 238, 240.

In obedience to these principles and authorities it is not seen how the defendant's application for a nonsuit could properly have been refused; and therefore the rule to show cause is discharged.

*Error assigned* was refusal to take off nonsuit.

*W. B. Bechtel*, for appellant, cited: Johnston v. Ott Bros., 155 Pa. 17; Alexander v. Steel Co., 189 Pa. 582; Kitchen v. Mfg. Co., 207 Pa. 558.

VOL. CCXXXI—40

*Jefferson Snyder,* of *Snyder & Zieber,* with him *Wm. J. Rourke,* for appellee, cited: Gillis v. R. R. Co., 59 Pa. 129; Lygo v. Newbold, 9 Exch. Rep. 302; Ivay v. Hedges, L. R. 9 Q. B. Div. 80.

PER CURIAM, May 17, 1911:

The judgment is affirmed for the reasons stated in Judge ENDLICH's opinion, discharging the rule to take off the nonsuit.