# Steele *v.* Lake Shore and Michigan Southern Railway Company, Appellant.

*Negligence—Railroads—Persons on tracks—Crossings—Permissive crossings—Notice to train crew—Contributory negligence—Question for jury.*

1. Where a railroad company has knowledge that the public has for many years used a path across its right of way and no objection has been made to such use, and it is clear that it was used with the railroad's consent, it becomes the duty of the railroad to exercise its rights in view of the circumstances so as not to mislead persons to their injury without a proper warning of its intention to recall its permission.

2. In an action against a railroad company to recover damages for personal injuries sustained by the plaintiff while crossing the defendant company's tracks, the case is for the jury and a verdict for the plaintiff will be sustained where it appears that at the point where the accident occurred the defendant company maintained three tracks, one of which was a siding for the storage of cars; that there were admittedly two permissive crossings over these tracks, about 150 feet apart; that the nearer crossing was frequently blocked by standing cars and that when this occurred the public invariably passed around the rear end of the train at a point about midway between the two, depending upon the position of the end car; that these crossings were in part for the convenience of the employees of an industrial plant, part of the works of which were located on both sides of the tracks, at which the plaintiff was employed, and his duties required him to use these crossings frequently every day; that no objection had ever been made to such use of the crossings and that they were used with the defendants' knowledge and consent; that while the plaintiff, exercising due vigilance, was attempting to pass around a freight train which obstructed the nearer crossing, the train was suddenly moved without warning and struck and injured him; and that subsequently, and after the trainman had notice of his position and had given a proper signal to those in charge of the locomotive, the train was started again and the plaintiff received further injury.

3. In such a case the court is not warranted in declaring the plaintiff guilty of contributory negligence as a matter of law, where it appears that when he approached the crossing he saw no trainmen and, after stopping, neither heard nor saw anything

which indicated a movement of the train; that he then crossed the tracks, but owing to the bad condition of the path was compelled to recross; that, before doing so, he again took the precaution to ascertain if the train was about to move; that he saw no trainmen and had no reason to believe that an immediate movement of the train was intended; and that the length of the train and its curvature prevented his seeing the engine and there was no other place at this point from which he could see it.

Argued October 18, 1912.   Appeal, No. 4, Oct. T., 1912, by defendant, from judgment of C. P. Venango Co., Jan. T., 1911, No. 3, on verdict for plaintiff, in the case of Charles A. Steele v. The Lake Shore and Michigan Southern Railway Company.   Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before CRISWELL, P. J.

It appeared by the evidence in this case that at the point where the accident occurred, the defendant railway company maintained three tracks, one being a sidetrack used for the storage of cars; that there were two permissive crossings, one crossing the tracks at the foot of a set of steps constructed for the convenience of the employees of the plant at which the plaintiff was employed, and another 150 feet to the west; and also that the public were accustomed to cross the tracks at a point about midway between the two crossings when standing cars obstructed the first crossing; that there was a distinctly marked path along the side of the track and another path, broader and less distinctly marked, across the tracks at this intermediate point, the exact place at which the crossing was affected depending upon how far west the cars extended.   It was at this intermediate point that the plaintiff was run down while attempting to cross the track around the end of a standing train. The plaintiff was knocked down by the unexpected starting of the train, thrown under the wheels and his arm injured, which injury was increased by another move-

ment of the train before he was able to extricate himself. The plaintiff sought to recover damages for both the negligent starting of the train, alleged to have been the cause of his being caught, and also for the subsequent motion of the car, which increased the seriousness of the accident.

The jury found a verdict for $14,000 in favor of the plaintiff, which was reduced by the court to $8,500 and judgment entered thereon. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment non obstante veredicto.

*A. R. Osmer,* with him *J. H. Osmer* and *N. F. Osmer,* for appellant.—The plaintiff was a trespasser upon the defendant's right of way: Leithold v. Ry. Co., 47 Pa. Superior Ct. 137; Taylor v. D. & H. Canal Co., 113 Pa. 162; R. R. Co. v. Norton, 24 Pa. 465; Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375; Cauley v. Ry. Co., 95 Pa. 398; Moore v. R. R. Co., 99 Pa. 301; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Welsh v. R. R. Co., 181 Pa. 461; Brague v. Ry. Co., 192 Pa. 242.

The plaintiff failed to establish that the defendant's employees having it within their power to have prevented the car from being moved after the plaintiff was caught knew of his perilous position, and notwithstanding such knowledge neglected to prevent his further injury: Moore v. R. R. Co., 108 Pa. 349; Penna. R. R. Co. v. Morgan, 82 Pa. 134.

The plaintiff was guilty of contributory negligence: Penna. R. R. Co. v. Bell, 122 Pa. 58; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Carroll v. P. R. Co., 12 W. N. C. 348; Beynon v. Penna. R. R. Co., 168 Pa. 642; Hovenden v. Penna. R. R. Co., 180 Pa. 244; Haynes v. Penfield, 231 Pa. 329.

*William J. Breene,* with him *Bryan H. Osborne* and *Edmond C. Breene,* for appellee.—The principle of a

"permissive crossing" is not necessarily and exclusively determined by mere marks or the absence of marks on the ground nor by the variation of a few feet either way: Kay v. R. R. Co., 65 Pa. 269.

Where a railroad company has for years without objection permitted the public to cross its tracks at a certain point not in itself a public crossing, it owes the duty of reasonable care towards those using the crossing: B. & O. R. R. Co. .v. Schwindling, 101 Pa. 258; Taylor v. Delaware & Hudson Canal Co., 113 Pa. 162; Philadelphia and Reading R. R. Co. v. Troutman, 11 W. N. C. 453.

The evidence fairly warranted the conclusion that after the plaintiff had been helplessly pinioned under the rear car and while in that position the defendant, notwithstanding it had due notice of his dilemma in time to prevent a further movement of its cars against him, heedlessly backed them against him a second time.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

The questions involved in the case were questions of fact, and having been properly submitted to the jury, we see no ground for reversing the judgment entered on the verdict. The jury were justified in finding under the evidence that the place at which the plaintiff was injured was a permissive crossing. In fact, the evidence did not warrant a contrary finding. It is conceded that there was a permissive crossing directly opposite the top of the stairway leading up from the pump station and another such crossing about 150 feet west thereof. The plaintiff was injured by being struck by the rear car of a freight train at a place on a siding, the southernmost of the three tracks and about equally distant between the two crossings, and which he alleges was also a permissive crossing. The evidence introduced by him clearly established his contention, and showed that for many years the three crossings had been used by the public who had occasion to go to the pump

station, the ball ground, and the Allegheny river from
the north side of the defendant's tracks and by those
crossings from the south to the north side of the tracks.
No objection was made to such use of the crossings and
it is clear that they were used by the defendant's knowl-
edge and consent. For several years prior to the acci-
dent, the plaintiff was in the employ of the National
Transit Company, which was engaged in storing and
transporting oil, and parts of its works being located
on both sides of the railway tracks, his duties required
him to use these crossings frequently every day. He
did use them, as did the public generally, for years, and
it is now too late to deny that it was done without the
defendant's permission. It was, therefore, the duty of
the defendant to exercise its rights in view of the cir-
cumstances so as not to mislead persons to their injury
without a proper warning of its intention to recall its
permission: Kay v. Pennsylvania Railroad Company,
65 Pa. 269.

The contention of the defendant company that at the
time of the accident the plaintiff was "wandering up and
over the defendant's right of way" and around the end
of the train cannot be sustained. The plaintiff was
prevented from passing over the eastern crossing by
reason of the train extending west of and blocking it.
The accident occurred on the side track and that cross-
ing was frequently blocked by standing cars, extending
as far west as the cars did on this occasion. Whenever
this occurred the public invariably passed around the
rear end of the train as the plaintiff was doing at the
time he was injured. There was a clearly defined path
leading up to the side of the tracks used by the public
when they were compelled to pass in the rear of the
train blocking the eastern crossing and a path on the
opposite side leading to the stairway. The location of
the path crossing the ties, rails and the ballasting was
necessarily not so distinctly marked, but sufficiently so
to show that it was used by the public. It is not cor-

rect to say that the path over the tracks shifted and depended upon the position of the car at the western end of the train. The position of any person on the path crossing the tracks and not the path itself depended on the location of the western end of the train for the time being. The width of the path across the tracks was greater than that of the path leading up to the tracks by reason of the fact that the train did not always extend the same distance beyond the eastern crossing.

We agree with the learned court below that there was sufficient evidence of notice to the train crew, prior to the second injury, of the perilous position of the plaintiff to warrant a finding that the crew had such notice. The plaintiff was not required to give notice directly to the engineer. The crew was in control of the train, and it appeared from the evidence that prior to the second movement the brakeman had notice of the plaintiff's position and that he at once gave the proper signal to those in charge of the locomotive. It certainly goes without saying that it was the duty of the engineer or other party operating the engine to observe the signal and to act promptly on the information thus communicated to him. A jury should have little difficulty in finding that the failure to perform this duty was negligence for which the defendant would be liable. We think it apparent that the second injury would have been avoided had the engineer seen and heeded the signal given by the brakeman. It must be presumed that the crew in charge of the train knew the location of all the crossings, and that shunting cars to the rear without warning might endanger those who were properly using the crossings. This made it the manifest duty of the crew to exercise proper care in backing the train over the crossings. The defendant and those using the crossings had reciprocal rights and were subject to reciprocal duties at the place of the accident, and the failure of either to observe those duties would convict him of negligence.

The plaintiff's contributory negligence was for the jury. If his evidence is believed he crossed the tracks with the greatest care for his safety. He saw that the eastern crossing was blocked but he saw no trainmen, and, after stopping, neither heard nor saw anything which indicated a movement of the train. He then crossed the tracks, but owing to the bad condition of the path leading to the stairway, he was compelled to retrace his steps and recross the tracks. Before doing so, however, he again took the precaution to ascertain if the train was about to move. The length of the train and its curvature prevented him seeing the engine, and there was no other place at this point from which he could see. He saw no trainmen and had no reason to believe that an immediate movement of the train was intended. He attempted to cross and was struck by a backward move of the car, resulting in serious injury. These facts sent the case to the jury on the question of the plaintiff's alleged negligence, and did not warrant the court in declaring it as matter of law.

The assignments are overruled and the judgment is affirmed.