# Smith *v.* Philadelphia & Reading Ry. Co., Appellant.

*Negligence—Railroads—Permissive crossing—Infant—Crossing between standing cars—Contributory negligence—Evidence.*

1. A child between eight and nine years of age cannot be convicted of contributory negligence in crossing the tracks of a railroad, on such evidence as would charge an adult as a matter of law with contributory negligence.

2. The responsibility of such child depends on her capacity to understand and guard against danger incident to her acts, and such question is for the jury under proper instructions from the court.

3. Where a railroad company permits cars to stand at and over a permissive crossing used daily by school children, it is for the jury to say whether it was not obliged to anticipate that a child between eight and nine years of age might thoughtlessly endeavor to cross between or under the cars at the crossing, and to guard against injury to her before attempting without warning to move the cars over the crossing.

Argued March 27, 1922. Appeals, Nos. 372 and 373, Jan. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1920, No. 428, on verdict for plaintiff, in case of Adeline Smith by her father and next friend, James S. Smith, and James S. Smith, in his own right, v. Phila. & Reading Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ. Affirmed.

Trespass for personal injuries to minor child.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Adeline Smith for $13,500. Verdict for James S. Smith for $3,000 upon which judgment was entered for $1,500. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Wm. Clarke Mason,* for appellant.—In all cases where recovery has been permitted to children or adults on permissive crossings, the injury has resulted from the movement of a train toward the crossing, which, at the time of movement, was open to permit of passage. This includes those cases where the passageway or place where children or pedestrians were expected to be was within the line of a break in the train, the closing of which caused the injury: Counizzari v. R. R., 248 Pa. 474.

In no case in Pennsylvania has recovery been permitted where the injury resulted from an attempt to pass under or over a standing train except where the standing train blocked a public highway, the blocking of which was prohibited by ordinance or Act of Assembly: Charlton v. R. R., 252 Pa. 107.

*James Gay Gordon, Jr.,* with him *James Gay Gordon,* for appellees.—The case was for the jury: Keinath v. Bullock, 267 Pa. 589; Clinger v. Director Genl. of Railroads, 271 Pa. 88; Francis v. R. R. 247 Pa. 425; Counizzarri v. R. R., 248 Pa. 474; O'Leary v. R. R., 248 Pa. 4; Kremposky v. Coal Co., 266 Pa. 569; Gawronski v. McAdoo, 266 Pa. 449; Rauch v. Lloyd & Hill, 31 Pa. 358; Phila., B. & W. R. R. v. Layer, 112 Pa. 414; Golden v. R. R., 187 Pa. 635; Todd v. Ry., 201 Pa. 558; Piepke v. Ry., 242 Pa. 321; DiMeglio v. Ry., 249 Pa. 319; McKinney v. R. R., 247 Pa. 217.

OPINION BY MR. JUSTICE FRAZER, May 8, 1922:

Adeline Smith, a minor, and James Smith, her father, sued to recover damages for personal injuries sustained by the child, the result of the sudden starting of freight cars which had been standing on defendant's tracks at a permissive crossing and between which she was attempting to pass. The case was submitted to the jury, a verdict rendered for each plaintiff and defendant appealed. The sole question for our consideration is whether de-

fendant owed a duty to plaintiff which it failed to perform.

The accident happened on what would be a crossing of Eighty-first Street, in the City of Philadelphia, if the street were opened through. It is not seriously disputed that a foot path leads to and across the tracks which has been used by school children, workmen and others for a number of years, leading from the end of the opened portion of Eighty-first Street across defendant's tracks and thence at an angle across vacant property to the first improved street running parallel with the railroad. Plaintiff, who at the time was between eight and nine years of age, was returning, with a number of other children, from school and, in accordance with their usual custom, followed the path leading to the crossing. Finding one of the tracks occupied by a standing freight train of considerable length, with the engine unattached and some distance from the cars, the children proceeded to cross by passing under the coupling between two cars and all but plaintiff reached the opposite side in safety. As the child was passing between the cars the engine backed against the train with considerable force, throwing her to the roadbed under the cars, and immediately moved forward, the wheel of a car passing over and severing her right hand. There is evidence that at least two cars had been standing at this point for two days previous to the accident and that no trainmen were at the crossing at the time the train was moved. Witnesses testified that no warning of an intention to move the cars was given until after the coupling had been made and it further appears that those in charge of the train were not aware that an accident had happened until they arrived at their destination that evening.

Under the above evidence it cannot be said as matter of law that defendant owed no duty to the minor plaintiff. The latter was not a trespasser in using the crossing and defendant in permitting its use by pedestrians became bound to use reasonable precautions to avoid

injuring such persons: Lodge v. P. & L. E. R. R., 243 Pa. 10, 13. If an adult on finding the tracks blocked by a standing train had undertaken to cross as this child did he might properly be held guilty of contributory negligence; the same strict rule, however, cannot be applied to plaintiff who was between eight and nine years of age. Her responsibility depended upon her capacity to understand and guard against danger incident to her acts, which question was carefully submitted to the jury. Inasmuch as defendant was aware or bound to know that the crossing was used daily by school children, it was for the jury to say whether it was not obliged to anticipate children of plaintiff's age might thoughtlessly endeavor to cross between or under the standing cars, in which case it would become its duty before attempting to move the cars after blocking the crossing to use reasonable precaution to ascertain whether there were children in a position of danger: Counizarri v. P. & R. Ry., 248 Pa. 474; Lodge v. P. & L. E. R. R. supra; Francis v. B. & O. R. R., 247 Pa. 425. In the present case no warning was given to indicate the train was about to be moved.

The judgment is affirmed.