## Hojecki et al., Appellants, *v.* Philadelphia & Reading Railway Co.

*Negligence—Railroads—Trespassing infants on freight cars—Wilful and wanton act—Playground—Evidence.*

1. There is no obligation on the part of the employees of a railroad company to search for trespassing infants before a train is set in motion, though, if observed, proper efforts must be made for their protection, and liability follows where they are forced into a position of danger.

2. If there is no evidence indicating a wilful or wanton act on the part of the railroad company or its employees, resulting in injury, no recovery can be had.

3. Although the one hurt be of tender years, which relieves of the charge of contributory negligence, yet it does not alter his status as a trespasser.

4. A person is not liable to infant trespassers, except for wilful and wanton acts, unless he permits his property to be used as a playground for such length of time as to presuppose an invitation or permission to occupy the premises in such manner.

Argued April 21, 1925. Appeals, Nos. 237 and 245, Jan. T., 1925, by plaintiffs, from judgments of C. P. No. 4, Phila. Co., Dec. T., 1923, No. 7746, on verdict for defendant, in case of Lewis Hojecki, by his father and next friend, John Hojecki, and John Hojecki, in his own right, v. Philadelphia & Reading Railway Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Trespass for personal injuries. Before Finletter, J.
The opinion of the Supreme Court states the facts.
Judgment on directed verdict for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, direction of verdict for defendant, quoting record.

*George Demming,* for appellants.—Defendant was bound to take cognizance of the fact that children habitually gathered and played on and about this crossing, and to employ such care as tl.'s fact required in moving and starting cars at this place: Smith v. Ry., 274 Pa. 97; Fitzpatrick v. Penfield, 267 Pa. 564; Francis v. R. R., 247 Pa. 425; Mullen v. Wilkes-Barre G. & E. Co., 229 Pa. 54; Carr v. Traction Co., 253 Pa. 274; Costanzo v. Coal Co., 276 Pa. 90; Rachmel v. Clark, 205 Pa. 314; O'Leary v. R. R., 248 Pa. 4; Gawronski v. McAdoo, 266 Pa. 449.

Defendant was negligent because its employee, the rear brakeman, in charge of this portion of the train, actually saw the two boys in a position of grave danger, and, instead of using proper care for their safety, ordered them off the cars at a time when he knew they were momentarily about to start, and he himself had given the signal for them to start: Barre v. Ry., 155 Pa. 170; Brennan v. Merchant & Co., 205 Pa. 258; Hyman v. Tilton, 208 Pa. 641; Daltry v. Electric Light Co., 208 Pa. 403; Marcus v. Gimbel Bros., 231 Pa. 201; Stephanik v. R. R., 243 Pa. 43; Piepke v. Ry., 242 Pa. 321; Petrowski v. Ry., 263 Pa. 531.

*Wm. Clarke Mason,* for appellee.

OPINION BY MR. JUSTICE SADLER, May 11, 1925:

Lewis Hojecki, a minor, was injured by falling beneath the car of a freight train operated by the Philadelphia & Reading Railway Company, and actions to recover damages were instituted by his father, on behalf of himself as well as next friend for his son. Binding instructions were directed in favor of the defendant at the close of plaintiffs' case, and it is of this action that complaint

is now made on appeal. The refusal of certain offers of evidence is also assigned as error.

Penn Street in the Borough of Phœnixville ends at the right-of-way of the railroad, and no established crossing to the east is constructed, but it may be fairly assumed from the evidence submitted that persons did walk over the tracks permissively. Around the gas house, on the farther side, children were accustomed to gather and play, but the land covered by the right-of-way was not so used. On the day of the accident, a long string of freight cars was standing, with the rear over the point referred to, awaiting the coming of a passenger train, which would clear the track beyond so that the former could proceed. Hojecki, a boy of eight, with a companion near the same age, climbed upon the bumper of one of the standing cars, about the third from the rear, intending to take a ride. A brakeman, standing by the caboose at the end, saw the boys, and directed them to get off. One did so, and the child injured had started to descend, having his foot on the ladder, when the engineer gave a signal of his intention to start by two blasts of his whistle. The movement of the cars caused the boy to slip and fall beneath the wheel, resulting in the injury for which compensation was asked.

It was insisted below, and is urged here, that the brakeman, having observed the boys while the train was at a standstill, was under an obligation to see to their safe removal before permitting it to proceed, and testimony was offered to show that he had waved his red flag, supposedly with the purpose of notifying the engine-driver to go on. As stated by the trial judge, however, he was in no position to effectively give such a signal, and had he done so, it could not, and did not, control the movement of the train. From the relative positions of the engine and caboose, it would have been impossible for one at the former point to see a flag waved at the latter place, by reason of the location of the long train, extending, as it did, around a curve in the track. There

was nothing to indicate that the boys were forced off the car by violence, or while the train was in motion, or that any language was used calculated to frighten them from the positions which they had assumed.

There is no obligation on the part of the employees of the railroad to search the cars for trespassing infants before a train is set in motion, though, if observed, proper efforts must be made for their protection (Trevethan v. P. & R. Ry. Co., 244 Pa. 414), and liability follows where they are physically forced into a position of danger: Petrowski v. P. & R. Ry. Co., 263 Pa. 531. But if there is no evidence indicating what amounts to a wilful or wanton act on the part of defendant, or its employees, resulting in injury (Di Meglio v. P. & R. Ry. Co., 249 Pa. 319, and see also, Lafferty v. Armour & Co., 272 Pa. 588), no recovery can be had: Perrin v. Glassport Lumber Co., 276 Pa. 8. For though the one hurt be of tender years, which relieves of the charge of contributory negligence, yet it does not alter his status as a trespasser: Gillespie v. McGowan, 100 Pa. 144; Horen v. Davis, 274 Pa. 244. In the present case, it could not be said the boys were forced from a moving train, or frightened by words used so as to cause the fall, for, admittedly, the direction to leave the bumper was while the cars were not in motion, and one did descend, and the other had nearly done so, when the engineer gave the signal showing his intention to proceed. Nor can it be said that the brakeman ordered the movement without first seeing the infants were removed to a safe place, since he was in no position where he could direct the driver of the engine, who was beyond the curve, a considerable distance to the front.

It is further insisted that special precautions should have been taken under the circumstances here appearing, since the crossing was used permissively by those desiring to pass over the tracks from one side to the other, particularly in view of the fact that children were accustomed to make use of the land to the east by the gas

house for purposes of recreation. Many decisions hold that the instincts and impulses of infants must be considered in passing upon the liability of one causing injury, where it is known that they will likely be present where the accident occurs: Rachmel v. Clark, 205 Pa. 314; Counizzarri v. P. & R. Ry. Co., 248 Pa. 474; O'Leary v. P. & L. E. R. R. Co., 248 Pa. 4; Gawronski v. McAdoo, 266 Pa. 449. But the rule still holds that a defendant is not liable to trespassers, except for wanton and wilful acts, unless he permits his property to be used as a playground for such length of time as to presuppose an invitation or permission to occupy the premises in this manner: Fitzpatrick v. Penfield, 267 Pa. 564. Likewise, where there is in existence a permissive crossing, the railroad is bound to take cognizance of the fact that there may be additional chances of danger, and operate its trains with that in mind: Francis v. B. & O. R. R. Co., 247 Pa. 425. This is not, however, a case of injury to one attempting to pass over a consentable way, as in Smith v. P. & R. Ry. Co., 274 Pa. 97, nor of an infant harmed while upon a known place of play, for there is no evidence that the ground included within the right-of-way, upon which the tracks were constructed, was ever used as such.

Having in mind the principles set forth above, and examining the entire record in the light thereof, we are convinced that a proper conclusion was reached by the learned court below. The portions of the statement of claim offered to show the permissive use of the crossing, and the occupation of the land to the east at times by children, were inadmissible. The proposed testimony of Mr. McDade to the same effect was rejected as immaterial, and in this we see no error. The boy was not injured while attempting to pass over the tracks, but while descending from the car, where he had improperly gone to take a ride.

Without referring specifically to each, the assignments of error in both cases are overruled.

The judgments are affirmed.