## ERIE R. CO. v. KAZANECKI et al.

(Circuit Court of Appeals, Third Circuit. December 29, 1925. Rehearing Denied February 2, 1926.) '

No. 3342.

1. **Trial** ⚖⇒260(1)—Refusal of charge, which in substance was already given, not error.

Refusal of trial court to give requested charge, which was qualified and in substance already charged, *held* not error.

2. **Railroads** ⚖⇒358(2) — Care required as to children playing in yards with company's acquiescence.

Railroad company has right to exclusive use of its tracks; yet, when children of community have for many years constantly used railroad yard as playground with company's knowledge and acquiescence, there arises duty to exercise care towards them as persons whose presence is permitted, and therefore to be anticipated.

**3. Railroads ⚙⇒398(1)—Permissive use of yard as playground may be proved by witness observing children playing. .**

Permissive use of railroad yard by children as playground may be proved by testimony that witness had played there as a child, and for 20 years had observed children doing so.

**4. Railroads ⚙⇒400(2)—Permissive use of yard by children as playground held for jury.**

In action for injury to child playing on track and struck by car, evidence *held* sufficient to submit issue of permissive use of railroad yard by children as playground to jury.

**5. Railroads ⚙⇒398(1)—Finding of negligence as to child permissibly on track sustained.**

Evidence *held* sufficient to submit case and sustain verdict, based on railroad company's lack of care and caution to a child permissibly on its track.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Suit by John Kazanecki, Jr., a minor, by his parent and next friend, John Kazanecki, Sr., and another against the Erie Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Thomas Patterson, J. M. Graham, and Patterson, Crawford, Miller & Arensberg, all of Pittsburgh, Pa., for plaintiff in error.

Ruffalo, Drake & Wall, of Cleveland, Ohio, and Robbin B. Wolf and McCreery & Wolf, all of Pittsburgh, Pa., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. [1] The child in this case went upon a track of the defendant railroad company and was injured. After suit he had the judgment to which this writ of error is directed. Except the refusal of the trial court to charge one of its points (which was qualified and in substance already charged and therefore is without error), the defendant (below) raises on this review but two questions: First, whether there was sufficient evidence of permissive use to take the case out of the operation of the general rule of law that a trespasser, though an infant, cannot recover for an injury sustained on the land of another, except when the act is wanton or willful; and second, if the evidence of permissive use was sufficient, whether there was evidence of negligence on the part of the defendant, that is, evidence of a violation of its duty to give warning of danger to a child permissibly on its tracks.

The central question in this case therefore is one of permissive use. From the thorough discussion of the law of that subject, based upon an extended citation of authorities, we gather that the defendant does not question the law but challenges the sufficiency of the evidence in this case to invoke its operation. In pressing this line of attack the defendant made careful comparisons of the facts of this case with the facts of other cases where courts have found, and have not found, the evidence sufficient to submit to juries and to sustain verdicts. While such comparisons may be helpful, the instant case cannot be decided by its resemblance or lack of resemblance to other cases on the facts but must be decided on the law as applied to its own facts.

[2] One of the leading cases in Pennsylvania on the law of permissive use is O'Leary v. P. & L. E. R. R. Co., 248 Pa. 4, 93 A. 771, followed by this court in D., L. & W. R. R. Co. v. Baltrushitis, 247 F. 474, 159 C. C. A. 528, and based on the earlier cases of Kay v. P. R. R. Co., 65 Pa. 269, 3 Am. Rep. 628; Henderson v. Continental Refining Co., 219 Pa. 384, 68 A. 968, 123 Am. St. Rep. 668; Millum v. L. & W. Coal Co., 225 Pa. 214, 73 A. 1106; Steele v. L. S. & M. S. R. R. Co., 238 Pa. 295, 86 A. 201. While the learned trial court entertained a doubt as to the decision of that case, it followed it, as we shall do, assuming that it correctly states the law of the Commonwealth of Pennsylvania. The substance of that decision is that a railroad company has the right to the exclusive use of its tracks, and that any stranger, an infant or an adult, going upon them is a trespasser; yet when the children of a community have for many years constantly used a railroad yard as a playground, with the company's knowledge and acquiescence, the rights and duties of the parties change; children so using the yards and tracks are not trespassers, and there arises in the railroad company the duty to exercise care towards them as persons whose presence is permitted and therefore to be anticipated. Mr. Justice Stewart, in Francis v. Railroad Co., 247 Pa. 425, 93 A. 490, tersely made the distinction on which turns the instant case by stating that: "The purpose [of the testimony as to permissive use], however, was not to show any right in the boy, but a duty resting on the defendant, because of its acquiescence in a use by the public of a path upon its track, to take notice of conditions, it had suffered to arise, and exercise that degree of care which the law requires when such conditions exist." Whether in a given case the conditions exist-

ed and whether, accordingly, the duty to exercise such care arose, the learned justice, continuing, said: "Where a higher degree of care is demanded under some circumstances than others, and where both the duty and the extent of performance are to be ascertained as facts, a jury alone can determine what is negligent, and whether it has been proved."

With these brief observations on the law we come to the facts and, taking up the first question, inquire whether there was sufficient evidence of permissive use to justify the submission of the case to the jury.

[3, 4] From the testimony—limited in amount, but clear, direct and positive in character—the jury, if they believed the witnesses, could have found these facts: The defendant owns and controls in Oil City, Pennsylvania, a freight yard of considerable size. Track No. 7 is parallel to and contiguous with Stevens Street. No fence or other thing marks the line between the street property and the railroad property. There is nothing but the track itself to indicate where the street ends and the railroad yard begins. To a casual observer it would appear that the track is on the street. The plaintiff resides in a house on the side of Stevens Street opposite that of the track. The neighborhood is large and contains many children who continually play upon the track. One witness testified that, when a child, he had played in and about the yard and that for twenty years he had observed children doing so. On a ruling that the testimony of use must be restricted to the place of the accident, thereafter this witness and others testified, by reference to a photographic exhibit showing the place of the accident, that children for a long time and as a matter of habit played upon the street and over and upon the track. Permissive use may be proved by testimony of this character. In kind and amount we think it was sufficient to show the defendant's knowledge of the use to which the children put its property and its acquiescence therein, and sufficient to raise on its part a duty of due care and caution toward those whom it might expect would' be upon its premises. Accordingly, it was enough to submit to the jury on the issue of permissive use.

[5] The next question is whether, assuming the fact of permissive use, there was enough evidence on the issue of the defendant's negligence to warrant submission. As to the care and caution which the railroad company exercised on this occasion, the evidence is negative for the reason that (according to the testimony for both parties) its conduct was negative. The story of the accident is short. The child was on the street playing ball with other children when the defendant shunted or kicked several freight cars upon the track. The ball was thrown in the direction of the track and the child, following the ball, stooped to pick it up when the wheels of one of the cars ran over his arm. Witnesses were asked questions such as these: "Did you see any brakeman or anyone else riding on these cars? Did you see any brakeman or any railroad man standing around there? Did you hear any bell or any whistle sounded on any engine that may have been there? Did you hear any warning of any description before you saw Johnny running for home?" All answers were in the negative. When the defendant came to its case, its evidence as to care and caution on the part of any of its employees was equally negative. No one testified that he saw the child or that a warning of any kind was given. On the record the jury might have found, as evidently they did, that the cars were being shunted back without a warning and without a trainman being on them. The evidence, we think, was sufficient to submit the case and to sustain the verdict based on the defendant's lack of care and caution to a child permissibly on its track.

The judgment below is affirmed.