## DiMarco et al., Appellants, *v.* Pennsylvania Railroad Company.

Argued January 14, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW and LINN, JJ.

*Morris Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* with him *Abraham L. Freedman,* for appellants.

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellee.

OPINION BY MR. JUSTICE DREW, March 23, 1936:

Plaintiffs secured a verdict in their action of trespass to recover damages for personal injuries to the minor. From the entry of judgments n. o. v. for defendant they have appealed.

Defendant's right-of-way runs in a northeasterly direction as it intersects Wyoming Avenue near the intersection of that avenue with Tampa Street in the City of Philadelphia. There is a single track located in a cut approximately thirty feet deep. A small bridge carries Wyoming Avenue over the track below. The railroad's property extends for an additional thirty-five feet from

the top of the bank on the eastern side of the cut. This strip of land, which is on a level with Wyoming Avenue, has not been improved in any way, and across it, beginning at the eastern end of the bridge, two paths have been worn, a narrow footpath running very close to the edge of the cut, and a wider path, often used by vehicles, near the eastern boundary line of the right-of-way. Both paths have been in frequent use by residents of the neighborhood. To the east of defendant's property the adjoining land is also vacant, and the men and boys of the surrounding district use that land as a field for playing ball. On March 16, 1929, a group of boys had been playing in the accustomed place. Their game had broken up and they had started home. They were tossing the ball from one to the other while walking along. One of them missed the ball and it became lost. The minor plaintiff, not quite eleven years of age, went to the path by the edge of the cut to see if it had gone down toward the railroad track. It had been raining and the soil was loose. The ground on which he was standing gave way, and he was precipitated down the embankment and underneath the wheels of the cars of a passing freight train, sustaining the serious injuries which form the basis of the present action.

Plaintiffs argue that the property was either a playground or a permissive way or both, and that it was therefore incumbent upon defendant to use ordinary care, regardless of whether that involved positive or negative action, to keep the premises in a safe condition. The evidence is obviously insufficient to support any finding that the playing field included defendant's property. The clear purport of plaintiffs' testimony is that the playground was entirely upon the adjoining property. The only witnesses to locate the playground were the minor plaintiff and one of his playmates. They both testified that it was to the east of the wide path which bordered the eastern boundary of defendant's property.

No problem under the so-called "playground rule" (see *Rahe v. Fidelity-Phila. Trust Co.,* 318 Pa. 376, 379) is presented.

The proof of the permissive way is clear, however, and the requirement of ordinary care toward the users thereof may be conceded. But, as we understand plaintiffs' argument, their contention is in reality much more far-reaching. Although they do not complain of any negligence in the excavation of the cut, they do argue that defendant was required to provide some artificial support, i. e., concrete abutments or retaining walls, to hold up the ground, or, in lieu thereof, to erect a fence or guard along the path. Such an obligation would certainly appear to be unreasonable, and in fact oppressive. We are persuaded to the view that the requirement of ordinary care does not go so far, and that the law can impose no such duty.

The path followed the contour of the bank. It is a fact not without significance that its inauguration and use were obviously subsequent to the excavation. The acceptance of plaintiffs' contention would be to impose a duty upon defendant to put the premises in better condition than that which existed prior to the inauguration of the path. We cannot lend countenance to this argument. This boy was merely a gratuitous licensee: see *Kremposky v. Mt. Jessup Coal Co.,* 266 Pa. 568, 572; *Restatement, Torts,* section 331. There was no hidden trap or danger known to defendant and unknown to the boy. Defendant was not responsible for the dangerous location of the path. The members of the class to which the minor plaintiff belonged were themselves responsible for its location directly along the edge of the embankment. In walking so close to the edge they not only disregarded the ever-present danger of falling over, but they also overlooked the risk involved in the use of the path in wet weather—for it is common knowledge that rain loosens the soil, especially upon an embankment.

The condition was statical and was visibly dangerous. Notice of the risk involved would have been futile in the face of such an obvious hazard. The danger arose from the existence of the cut itself, and that danger was manifest to everyone using the path. There is no duty to warn of that which is obvious. It would be equally unreasonable to say that the railroad was under a duty to relocate the path, which had been placed where it was by the users and not by the defendant.

We think it clear that defendant was likewise under no legal obligation to shore up the cut or to fence it in. Under the circumstances defendant could not, without giving proper warning, affirmatively increase the hazard, or carry on dangerous operations in disregard of the rights of users of the path: *Kay v. P. R. R. Co.*, 65 Pa. 269; *Taylor v. D. & H. Canal Co.*, 113 Pa. 162; *Steele v. L. S. and M. S. Ry. Co.*, 238 Pa. 295; *Lodge v. P. & L. E. R. R. Co.*, 243 Pa. 10; *Francis v. B. & O. R. R. Co.*, 247 Pa. 425; *Kremposky v. Mt. Jessup Coal Co.*, supra; *Smith v. P. & R. Ry. Co.*, 274 Pa. 97; *John v. Reick-McJunkin Dairy Co.*, 281 Pa. 543; *Metzler v. P. & R. Ry. Co.*, 28 Pa. Superior Ct. 180; *Terry v. D., L. & W. R. R. Co.*, 60 Pa. Superior Ct. 451; see *Restatement, Torts*, section 341. On the other hand, there being no hidden pitfall of which defendant had notice, there was no duty owed to a mere licensee to put the premises in any better condition than they were in at the beginning of the permissive use: *Gillis v. P. R. R. Co.*, 59 Pa. 129, 142; *Weaver v. Carnegie Steel Co.*, 223 Pa. 238; *Urban v. Focht*, 231 Pa. 623; *Schiffer v. Sauer Co.*, 238 Pa. 550; see *McCandless v. Phreaner*, 24 Pa. Superior Ct. 383, 386; *Ambler v. P. & R. Ry. Co.*, 39 Pa. Superior Ct. 198, 204; *Restatement, Torts*, section 342, comment c. Defendant was not obliged to effect the suggested improvements for the benefit of the minor plaintiff and other passers along the way. The distinction was aptly pointed out by Cockburn, C. J., in *Gallagher v. Humphrey*, 6 L.

T. N. S. 684, when he said, at page 685: "I quite agree that a person who merely gives permission to pass and repass along his close is not bound to do more than allow the enjoyment of such permissive right under the circumstances in which the way exists; that he is not bound, for instance, if the way passes along the side of a dangerous ditch or along the edge of a precipice, to fence off the ditch or precipice. . . . It is a different question, however, where negligence on the part of the person granting the permission is superadded." This is not a case in which the owner has negligently created or is responsible for a dangerous condition arising after the establishment of the permissive way.

The doctrine of permissive ways is not to be stretched to an absurdity: see *Fortunato v. Shenango Limestone Co.*, 278 Pa. 499, 504. Plaintiffs have referred us to no case in which a recovery has been permitted under circumstances similar to those herein presented. We have found none. The consequences of such a holding are readily susceptible of conjecture. The owner of riparian property, the grade of whose land was substantially above the level of the stream, would be liable to one who fell down the bank, merely upon a showing that people had frequently walked along the edge of the bank and in so doing had worn a path thereon. A similar liability would confront the owner of city or suburban property whose land had been left materially above grade by the opening of a public street or highway, if the user of a path along the top edge of the embankment fell down and was injured by a passing automobile. We cannot believe that the obligation of ordinary care requires the taking of extraordinary and oppressive precautions. They would be entirely out of proportion to the risk involved.

Judgments affirmed.