Shaw, Appellant, v. Pennsylvania Railroad Company.

Argued April 24, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ. Appeal, No. 110,

*Isadore H. Bellis,* with him *Maurice H. Brown* and *Robert M. Bernstein,* for appellant.

*Philip Price,* with him *William H. Lowery* and *Barnes, Dechert, Price, Myers & Rhoads,* for appellee.

OPINION BY MR. JUSTICE BELL, May 25, 1953:

James R. Shaw, minor plaintiff, who was twelve years old at the time of the accident on November 26,

1949, was severely injured while climbing over one of defendant's freight cars. In the vicinity of the accident, five sets of tracks ran in a general north-south direction. Plaintiff testified on his own behalf as follows: He and three friends were returning from a visit to the Soldiers' and Sailors' Home in Erie, Pennsylvania, which is located on the west side of the railroad tracks. A well-beaten foot path started on plaintiff's grandmother's property and extended to the east side of the tracks; some distance away another well-beaten foot path extended from the west side of defendant's tracks to the Soldiers' and Sailors' Home. Plaintiff decided to cross the tracks. The crossing being blocked by a train of freight cars, plaintiff climbed over a car on the nearest track. He then discovered that there were freight cars on another track which he likewise decided to cross. He climbed aboard a flat car and had gotten halfway across it when the train started with a jerk and threw him under the wheels. He and other children and adults on prior occasions had climbed over the cars when they blocked the crossing at the end of the path, and he testified that this had been going on for a long time and that employees of the defendant knew about it.

The jury returned a verdict in favor of plaintiff in the amount of $50,000.00 and awarded no damages to his parents. The court en banc granted defendant's motion for judgment n.o.v. and from the entry of such judgment plaintiff has appealed.

In an appeal from a judgment non obstante veredicto plaintiff is entitled to the testimony most favorable to him with all reasonable inferences therefrom, and all conflicts in the testimony must be resolved in his favor: *Lanni v. P. R. R.*, 371 Pa. 106, 88 A. 2d 887.

Applying this well-established principle to the facts in the instant case the jury could properly have found

that plaintiff was crossing defendant's tracks along a permissive way and that defendant had actual or constructive notice of this crossing. There was evidence of a long-used, well-beaten, and well-defined foot path leading from the east to the railroad tracks, and also somewhat further down a long-used, well-beaten and well-defined foot path leading from the west to the railroad tracks. While there is no well-defined or trodden or definite path crossing the tracks, and adults and children crossed diagonally or at any spot they desired, the question of a permissive crossing of the tracks was properly submitted to the jury: *Figard v. Penna. R. R. Co.*, 361 Pa. 380, 65 A. 2d 411. In that case a two year old child was sitting on the end of a tie on a railroad track and was injured by the slowly moving freight train. For some undisclosed reason the engineer and fireman did not see the child until too late. The Court, speaking through Mr. Justice (now Chief Justice) STERN, said (pp. 381, 382, 383) : "The law as to permissive crossings is clear. When a railroad company has for years, without objection, permitted the public to cross its tracks at a given point, there arises the same legal obligation of reasonable care on its part toward those using such crossing as if it were a public one: Taylor v. Delaware & Hudson Canal Co., 113 Pa. 162, 8 A. 43; Lodge v. Pittsburgh & Lake Erie R. R. Co., 243 Pa. 10, 89 A. 790; Francis v. Baltimore & Ohio R. R. Co., 247 Pa. 425, 93 A. 490.

". . . In short, it was definitely established that, for a length of time amply sufficient for the railroad company to have become aware of such practice, people in the village of Ruthford habitually crossed the track at its junction with the pathway leading from plaintiffs' property. It is true that on the north side there was no marked continuation of the path to any particular objective and persons going across would fan

out there in various directions according to their respective destinations, but that fact would not affect the legal consequences flowing from the existence of a definite point of permissive crossing, it being wholly immaterial, if such a crossing existed, whether there was any distinct pathway beyond. It is also true that residents of some of the houses to the east crossed the track immediately in front of their own properties instead of at the end of plaintiffs' pathway, and that, generally speaking, a permissive right of way must be confined within definite lines and not spread out over open ground in many divergent directions: Conn v. Pennsylvania R. R., 288 Pa. 494, 136 A. 779; Koontz v. Baltimore & Ohio R. R. Co., 309 Pa. 122, 163 A. 212. But if, at a given point, there is a defined and limited area of crossing which has been habitually used for many years, the rights of those using it cannot be impaired by the mere fact that other crossings, not so well defined or limited, may exist at other places along the track."

Plaintiff and his witnesses failed to prove that the car from which plaintiff fell or the freight train of which it was a part had been stopped at the place of the accident *for any period of time whatsoever*. Defendant's witnesses proved that it had been stopped only long enough for a crewman to throw a switch, which he estimated took one minute. Plaintiff contends that any train which stopped in a position to block the permissive path must in the exercise of reasonable care have two men on the lookout for persons who might be using the permissive path, and if, as in the instant case, two trains were stopped at that position, four men would have to be furnished by the railroad to warn those using the permissive path that they could not climb over a car which momentarily was blocking the path. That would be stretching the legal

fiction of a permissive way or crossing to an unreasonable and unjustifiable extreme. For example, this Court has held that a permissive way cannot parallel the tracks along the railroad's right of way, even though there be a well-beaten path used by the public generally: *Miller v. P. R. R.*, 350 Pa. 424, 39 A. 2d 576; *Falchetti v. P. R. R.*, 307 Pa. 203, 160 A. 859. If such a well-beaten path cannot become or create a permissive way, it is difficult to see how a permissive way could be implied or could arise to climb up and over defendant's train which was momentarily stopped for a switch closing.

The testimony of plaintiff's witnesses showed that the tracks at the place of the accident were blocked by standing trains "very seldom" or "rarely" or "once in a great while", or "occasionally", and then not for long.

We come then to the narrow question: Where a permissive right of way exists over the defendant's tracks at the point of the accident, does such a permissive crossing or permissive right of way include and constitute a permissive right to climb over a car of an 80 car freight train which had momentarily stopped and blocked the tracks at that point.

In *Henry v. Penna. R. R. Co.*, 368 Pa. 596, 84 A. 2d 675, Mr. Justice CHIDSEY said (pp. 599, 600) : "A permissive crossing is an express or implied license to pass over the property of another. It must be restricted to a well-defined location and *must be shown to be used frequently, continuously, and notoriously**\** by the public: Conn v. Pennsylvania Railroad, 288 Pa. 494, 136 A. 779; Koontz v. Baltimore & Ohio R. R. Co., 309 Pa. 122, 163 A. 212. . . ."

---

\* Italics, ours.

14

Assuming that it is legally possible to establish a permissive crossing or a permissive right of way over defendant's railroad trains or freight cars, the evidence in behalf of the plaintiff was entirely insufficient to prove a continuous and notorious climbing over of railroad cars by the public and consequently was entirely insufficient to establish a permissive crossing of railroad cars.

The cases cited by plaintiff are, because of the differences in their facts, clearly distinguishable.

In *Smith v. Phila. & Reading Ry. Co.*, 274 Pa. 97, 117 A. 786, an eight year old child, walking along a foot path which led to and across the tracks which had been used by school children for a number of years, found two cars stopped at the crossing. No engine was attached to the train but there was an engine standing some distance from the cars. The cars themselves had been standing across the permissive way *for two days* prior to the accident. The child proceeded to cross by passing under the coupling between the two cars, and as he did so the engineer, without looking and without any warning *backed* against the train with considerable force, throwing the child to the roadbed under the cars. Under these facts the Court held that the question of defendant's negligence was a matter for the jury.

*Figard v. P. R. R.*, 361 Pa., supra, relied upon by plaintiff, is likewise clearly distinguishable on its facts because the engineer failed to see a 2 year old child who was sitting on the railroad tie at a permissive crossing.

*Philadelphia B. & W. R. R. Co. v. Layer*, 112 Pa. 414, 3 A. 874, was decided on its particular facts which were exceptional and clearly different from the instant case. In that case the train stopped on a much traveled street in Philadelphia in a densely populated section

of the City and in the immediate vicinity of a number of schools. After being stopped for ten minutes the train was started without any warning and ran over and injured a child 6 years of age who was attempting to pass under the train.

We must therefore hold that the evidence of negligence was insufficient to take the case to the jury.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The majority opinion properly distinguishes the facts in certain landmark cases from the facts in the case at bar, but it is my opinion that the principles announced in *Figard v. Penna. R. R. Co.,* 361 Pa. 380, and other cases are controlling here and that, because of those precepts, now firmly embedded in Pennsylvania jurisprudence, the judgment of the lower court should be reversed.

It is true that while in the case of *Smith v. Phila. & Reading Co.,* 274 Pa. 97, the cars under which the child plaintiff passed had been at the site of the crossing for two days, whereas here the cars had stopped but for a minute, the issue of negligence was still one for the jury: "If an adult on finding the tracks blocked by a standing train had undertaken to cross as this child did he might properly be held guilty of contributory negligence; the same strict rule, however, cannot be applied to plaintiff who was between eight and nine years of age. Her responsibility depended upon her capacity to understand and guard against danger incident to her acts, which question was carefully submitted to the jury. Inasmuch as defendant was aware or bound to know that the crossing was used daily by school children, it was for the jury to say whether it was not obliged to anticipate children of plaintiff's age might

thoughtlessly endeavor to cross between or under the standing cars, in which case it would become its duty before attempting to move the cars after blocking the crossing to use reasonable precaution to ascertain whether there were children in a position of danger . . ."

In *Steele v. L. S. & M. S. Rwy. Co.*, 238 Pa. 295, 86 A. 201, this Court affirmed a judgment based on a verdict where the plaintiff was injured when he passed around a train which blocked the permissive crossing: "The contention of the defendant company that at the time of the accident the plaintiff was 'wandering up and over the defendant's right of way' and around the end of the train cannot be sustained. The plaintiff was prevented from passing over the eastern crossing by reason of the train extending west of and blocking it." Of course, in that case the "crossing was frequently blocked by standing cars," while here the blocking was infrequent and only for short periods of time. Nonetheless, the question as to whether even short stoppages did not establish notice to the railroad company that pedestrians would attempt to cross over the cars in the prolongation of the permissive passage was, in my view of the matter, a question of fact for the jury, which decided the issue in the plaintiff's favor.

In the case of *Francis v. Baltimore & O. R. R. Co.*, 247 Pa. 425, the child plaintiff was injured while walking on the ends of ties of a railroad track which was skirted by a permissive path which led to a public crossing over the tracks. In affirming the judgment of the trial court, this Court said: "When the railroad company knew, or should have known, that part of the tracks through its yard was being used by the public in the way shown by the testimony, except as it interfered and prevented such use, a duty at once attached to exercise a degree of care in operating its cars thereon corresponding to the increased risk. Where a higher

degree of care is demanded under some circumstances than others, and where both the duty and the extent of performance are to be ascertained as facts, a jury alone can determine what is negligent, and whether it has been proved. The degree of care required in this case was for the jury to determine from the facts as they found them to be."